482 So.2d 236 (1986)
Meryl Minchew BRAND
v.
Samuel Mansell BRAND, Jr.
No. 56341.
Supreme Court of Mississippi.
January 22, 1986.
Nancy J. Beck, Jackson, for appellant.
Robert W. King, King & Spencer, Jackson, for appellee.
Before WALKER, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents the questions whether and from what date interest should accrue on the principal amount of court-ordered child support payments not paid when due. Because each such payment *237 in a very real sense becomes a fixed and unalterable obligation of the supporting spouse from the date due, we determine today that our interest on judgments statute mandates the accrual of interest on each such payment from the date due. We reverse the chancellor's refusal to award such interest in the case at bar.

II.
On July 27, 1976, the Chancery Court of Forrest County, Mississippi, entered its decree granting to Meryl Minchew Brand ("Meryl"), Plaintiff below and Appellant here, a divorce of and from Samuel Mansell Brand, Jr. ("Samuel"), Defendant below and Appellee here. In that decree, Meryl was granted permanent custody of the one child born of the marriage, namely, Samuel Todd Brand, born November 23, 1973, then two years of age. Relevant here is that portion of the decree which directed Samuel to pay to Meryl as child support the sum of $150 per month on August 1, 1976, and on the first day of each and every month thereafter.
By June 25, 1984, Samuel was substantially behind on his child support payments. Meryl commenced the present action by filing in the Chancery Court of Forrest County her motion to have Samuel cited for contempt, alleging inexcusable child support arrearages in the sum of $4,870. In due course, the chancellor found that the delinquent payments aggregated $2,720, that Samuel had paid into the registry of the court the sum of $1550, leaving a net delinquency as of January 25, 1985, in the amount of $1170. On that date, January 25, 1985, the chancellor adjudged Samuel in contempt of the July 27, 1976, decree and entered judgment in favor of Meryl and against Samuel in the amount of $1170 but provided that
said judgment is without interest and execution is suspended until further order of the court.
Meryl has appealed, complaining of that portion of the judgment as fails to include interest and suspends execution.

III.

A.

(1)
Without doubt, so much of the judgment of January 25, 1985, as provides that "said judgment is without interest" is error. We have so held in Walters v. Walters, 383 So.2d 827, 829 (Miss. 1980), cited with approval in Brown v. Gillespie, 465 So.2d 1046, 1049 (Miss. 1985).
The question presented is from what date does interest run. In his brief Samuel concedes that the judgment is one which must bear interest as a matter of law. Miss. Code Ann. § 75-17-7 (Supp. 1985). He argues, however, that interest should run only from the date of the chancery court's delinquency judgment, January 25, 1985. Meryl, on the other hand, argues that interest at the legal rate
should be computed on each installment of child support as it becomes due, and not on the aggregate amount in delinquency at the time of a hearing on the matter.
In view of the fact that the arrearages claimed here largely resulted from Samuel's failure to make child support payments due in 1980 and 1981, the point is not without financial significance.
We begin with the established proposition that child support entitlements become fixed and vested when, in accordance with a prior decree, the payments becomes due and remain unpaid. Hailey v. Holden, 457 So.2d 947, 951 (Miss. 1984); Cunliffe v. Swartzfager, 437 So.2d 43, 45-46 (Miss. 1983); cf. Rubisoff v. Rubisoff, 242 Miss. 225, 235, 133 So.2d 534, 537 (1961). As each such payment becomes due, it becomes "a judgment" against the supporting parent. Cunliffe v. Swartzfager, 437 So.2d 43, 45-46 (Miss. 1983); Howard v. Howard, 191 So.2d 528, 531 (Miss. 1966).
We have heretofore held that past due payments of alimony bear interest from the date each became due pursuant to a prior decree. Rubisoff v. Rubisoff, 242 Miss. at 235, 133 So.2d at 534; Schaffer v. *238 Schaffer, 209 Miss. 220, 226, 46 So.2d 443, 444 (1950). This being so, there is no reason on principle why a decree for periodic child support should not be given like effect. More generally, such "judgments" for alimony and child support are the same as any other judgment in a civil action and as such each bears interest at the legal rate from date. As a matter of law, Meryl acquired a separate judgment on each month in the amount of each child support payment Samuel was obligated to make but failed to make. Each such installment judgment should bear interest at the legal rate from the date due until paid.
We emphasize that the judgment of January 25, 1985, merely reaffirmed judgments already existing by virtue of the child support decree. It served only to adjudicate nonpayment, the fact of which had occurred and recurred months and years ago. Having adjudged that Samuel had not paid his child support when due, this judgment reduced to a precise mathematical figure the amount of Samuel's arrearage. That arrearage as a matter of law should have included interest at the legal rate from the due date of each unpaid support payment.
This approach mandated by Section 75-17-7 is consistent with economic reality. The use of one's money by another has value in economic theory and in fact. In our society this use frequently is compensated by the charging of interest, such charges being imposed variously under the authority of public and privately made law. Charges made upon the use of one's money or forbearance to collect a debt are called interest. Mississippi Power & Light Co. v. Kustener & Co., 156 Miss. 22, 34, 125 So. 429, 432 (1930); State Highway Commission v. Wunderlich, 194 Miss. 119, 122, 11 So.2d 437, 438 (1943). The economic value of a supporting spouse's use of a child's money, or forbearance to pay for whatever reason, is real and should be compensated via interest. When a supporting spouse fails timely to make child support payments, he uses the child's money.
We have considered the computational difficulties that might attend the rule we find this day. We reject these considerations not only because they would lead to a rationally indefensible construction of our Interest on Judgment statute but also because of the overriding reality that child support payments are for the benefit of minor children. Wilson v. Wilson, 464 So.2d 496, 498-99 (Miss. 1985). Delay in payment harms the child in a way theoretically irreparable. The awarding of interest under our statute is not only consistent with the policy in our law to provide encouragement to supporting divorced spouses to make their child support payments on time but also to provide to the child some measure of compensation, albeit inadequate, for his or her loss due to the tardiness of the child support payments.
In sum, we hold that the chancellor erred when he refused to assess Samuel with interest at the legal rate on each past due child support payment from the date that payment became due.

(2)
Meryl further complains of the manner in which the trial judge afforded credit for Samuel's $1550 payment. That sum should be credited to Samuel's child support obligations according to the following principle. With respect to all child support payments not made when due, payments subsequently made should first be applied to aggregate interest at the legal rate accrued on such payments at the date of payment. Thereafter, sums paid should be applied to the principal amount of the supporting spouse's theretofore unpaid monthly child support obligations in order of their seniority; that is, sums paid at a time when the supporting spouse is in arrears, after first paying all interest obligations, should be applied to extinguish the principal amount of the oldest outstanding support payment, then to the principal amount of the next oldest theretofore unpaid payment, and so forth.

B.
The chancellor also committed error when he suspended execution on the *239 judgment for past due child support. We have recently held unequivocably that a judgment for child support is subject to enforcement via the auxiliary processes of writ of execution, writ of garnishment, and the like, the same as any other judgment. Brown v. Gillespie, 465 So.2d 1046, 1048-49 (Miss. 1985); Walters v. Walters, 383 So.2d 827, 829 (Miss. 1980). So much of the judgment below as provides for a stay of enforcement is reversed and rendered.[1]
REVERSED AND RENDERED IN PART AND REMANDED IN PART
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER and ANDERSON, JJ., concur.
DAN M. LEE, J., concurs in part A and dissents in part B.
SULLIVAN, J., not participating.
NOTES
[1] We are cognizant of this state's new child support enforcement act, Senate Bill No. 2294, Chapter 518, Miss. Laws of 1985, codified as Miss. Code Ann. §§ 93-11-65, et seq. (Supp. 1985), effective July 1, 1985. The remedies sought by Meryl here have been those available prior to the new act and still existing over and above those there provided.