559 So.2d 1014 (1990)
Kathleen C. THURMAN
v.
Kenny J. THURMAN.
No. 89-CA-0468.
Supreme Court of Mississippi.
March 28, 1990.
*1015 Jess H. Dickinson, Vaughn & Dickinson, Gulfport, for appellant.
Robert D. Jones, Jordan & Jones, Meridian, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the court:
In August 1987, Kathleen C. and Kenny J. Thurman were divorced on the ground of irreconcilable differences. Pursuant to the Property Settlement Agreement incorporated into the Final Judgment of Divorce, Mrs. Thurman was awarded custody of the three minor children of the parties with Mr. Thurman paying child support of $1,100 per month, one-half of medical and hospital expenses not covered by insurance, reimbursement to Mrs. Thurman for monthly premiums paid by her for a State Farm insurance policy, and payments on enumerated indebtedness of the parties, as well as attorneys fees and court costs. The parties also agreed to put their house up for sale for $79,000 with the agreement that if the house sold for that amount, Mrs. Thurman would retain all the proceeds and pay off the remaining indebtedness; if the house sold for less than that amount, Mrs. Thurman would keep the proceeds and pay off what indebtedness she could with the exception of two specified bank notes. Mr. Thurman would pay off any remaining indebtedness on bills enumerated in the Agreement. Subsequent to the divorce, the house sold for less than $79,000 and in accord with their agreement, Mrs. Thurman kept the proceeds to pay off what she could of their indebtedness. Mr. Thurman filed for bankruptcy, resulting in some of their enumerated debts being either discharged or being paid off for a smaller sum than the amount owed and then being discharged. Mr. Thurman also paid Mrs. Thurman $2,200 for her to use to pay off obligations, including, he understood, attorneys fees and court costs although he acknowledged that $2,200 would not pay all of the debts he was obligated to pay. Mr. Thurman then lost two of his major accounts as a construction supply salesman, resulting in an alleged average loss of income of $700 per month from what he made at the time of the divorce. Mr. Thurman continued to pay child support in the specified amount until August of 1988, when he paid only half the amount.
In July 1988, Mrs. Thurman filed a Motion for Judgment of Arrearage and Citation for Contempt, alleging that Mr. Thurman failed to pay attorneys' fees and court costs, six months reimbursement for the insurance policy, and medical expenses. Mr. Thurman responded with an answer and counter-motion to Modify Judgment in which he asserted that he had suffered a *1016 material change of circumstances rendering him unable to pay the child support payments in the amount provided by the divorce decree and requesting modification of that amount. Mrs. Thurman then filed another Motion for Judgment of Arrearage and Citation for Contempt, alleging that Mr. Thurman had paid only half of the child support payment for August.
A hearing was held in October 1988, after which the Chancellor declined to hold Mr. Thurman in contempt, finding that the proof was insufficient to establish contempt and, in fact, tended to establish that Mr. Thurman had paid more than enough money to cover the bills which Mrs. Thurman alleged had not been paid. The Chancellor also found that Mr. Thurman's financial resources had decreased since the divorce and reduced the child support payments to $841 per month, commensurate with the average monthly salary he was making at the time and following the guidelines suggested by the federal government in fixing child support payments (guidelines which were adopted by the Mississippi Legislature, effective October 1, 1989). See Miss. Code Ann. § 43-19-101 (Supp. 1989). The Chancellor also required Mr. Thurman to pay the difference between $841 and what he paid in August, $550, and September, $600, and October, $0, for a total arrearage payment of $1,373.
Mrs. Thurman appeals, raising two issues:
I. THE CHANCELLOR ERRED IN NOT HOLDING KENNY IN CONTEMPT FOR FAILURE TO PAY THE REQUIRED CHILD SUPPORT PAYMENTS AND FOR ALLOWING A MODIFICATION OF VESTED CHILD SUPPORT PAYMENTS.
II. THE CHANCELLOR ERRED IN MODIFYING THE CHILD SUPPORT PAYMENTS.

I.

DID THE CHANCELLOR ERR IN NOT FINDING MR. THURMAN IN CONTEMPT AND NOT REQUIRING MR. THURMAN TO PAY VESTED CHILD SUPPORT PAYMENTS?
The first issue is Mr. Thurman's failure to pay the full amount of child support for the months of August, September and October. Mr. Thurman admitted that he paid only half the amount for August, and a little over half for September. He had paid none for October. After the hearing the Chancellor allowed Mr. Thurman to pay the difference between the amount he had paid per month and the $841.00 the Chancellor determined as the new modified amount of child support. This was far short of the $1,100.00 per month required under the Property Settlement incorporated in the Final Judgment of Divorce. This Court has stated that once child support payments become past due they become vested and cannot be modified. Brand v. Brand, 482 So.2d 236, 237 (Miss. 1986), Hailey v. Holden, 457 So.2d 947, 951 (Miss. 1984), Hambrick v. Prestwood, 382 So.2d 474, 476 (Miss. 1980). The Chancellor's reduction of the past child support payments for the months of August, September and October was manifest error.
Although Mr. Thurman did not pay the full amount required by the Final Judgment it was proper for the Chancellor not to find him in contempt. In Brown v. Gillespie, 465 So.2d 1046, 1048 (Miss. 1985), this Court, citing Duncan v. Duncan, 417 So.2d 908 (Miss. 1982), stated:
Where a party is unable to comply with a divorce decree, he should with reasonable promptitude, make the fact known to the court by proper petition and have the decree modified or suspended, and not wait until he has been cited for contempt. If a party fails to take this course of action, he will, in response to the citation for contempt be required to make out a clear case of inability. [cites omitted].
Mr. Thurman filed for the modification of child support in August, before Mrs. Thurman filed a motion for contempt concerning the arrearage in child support payments. Mr. Thurman did what this Court has stated he must do in order not to be found in contempt of the divorce decree.
*1017 While it was proper for the Chancellor not to find him in contempt Mr. Thurman must pay the amount of child support required by the Final Judgment until there has been a modification because the payments were vested. We therefore reverse and render on this issue and reinstate the $1,100.00 per month child support payment for the months of August, September and October.

II.

DID THE CHANCELLOR ERR IN GRANTING MR. THURMAN'S REQUEST FOR MODIFICATION OF CHILD SUPPORT?
Mrs. Thurman also asserts that Mr. Thurman was not entitled to a modification of his child support obligations because he failed to show any material or substantial change in his financial situation since the original divorce. Divorces granted due to irreconcilable differences are subject to modification, Morris v. Morris, 541 So.2d 1040, 1042 (Miss. 1989), provided there has been a material or substantial change in the circumstances of the parties relative only to after-arising circumstances of the parties following the original decree. Id. at 1043.
The Chancellor found that since Mr. Thurman's income allegedly decreased by $700 per month that there was a material change in Mr. Thurman's situation. The proof showed that Mr. Thurman had the same job he was holding at the time he entered the Property Settlement Agreement. He did testify that he had lost two of his better accounts; however, he had the same job, he received the same commission, he was performing the same duties and there is conflict as to whether or not his monthly receipts had been reduced. From the trial record, it is difficult to conclude that there was any reduction in his monthly commission receipts. It is without dispute that he had the same job and the same commission that he had twelve months earlier when he voluntarily entered the Property Settlement Agreement which is not at issue. There does not appear to be a substantial change in Mr. Thurman's financial situation or at least of the sort that would warrant a modification of the support of his children of his former marriage. However, the trier of the issue found material change and this Court will not reverse on this issue alone.
The Chancellor relied on the federal guidelines to reduce the child support payments and to establish the new child support required. The Chancellor looked at Mr. Thurman's alleged average monthly salary, applied the federal guidelines for child support payments, and arrived at the new obligation of $841.00 per month. The record is clear that the Chancellor used the guidelines to determine the amount of child support to be paid. The guidelines for child support awards as now set out in Miss. Code Ann. § 43-19-101 (Supp. 1989) must not control the Chancellor's award of child support. The cold law suggested in Washington as a national guideline, however desirable, to lead the states toward uniformity in child support must not dictate the amount of food, the need of clothing, the requirement of education or the standard of living of the children. Rather, this shall be done by a chancellor who hears all the facts, views the witnesses, and is informed at trial of the circumstances of the parties and particularly the circumstances of the children. The guidelines adopted by the Legislature and codified under Chapter 19 as "Child Support Award Guidelines," Miss. Code Ann. § 43-19-101 (Supp. 1989), dealing with public welfare, may be received and considered in all support matters as relevant. Indeed, the language of the cited section declares that the statute grants a rebuttable presumption in all judicial proceedings regarding the awarding or modifying of child support. Further the statute delineates the manner by which the presumption may be overcome. Miss. Code Ann. § 43-19-103 (Supp. 1989). Suffice it to say a judicial award making a written or a specific finding different from the guidelines defeats the presumption and leaves, as this Court believes the Legislature intended in the normal case, child support determination in the hands of the customary chancery court proceeding. Certainly *1018 the guidelines are relevant and may be considered by a chancellor as an aid, but the guidelines may not determine the specific need or the specific support required. This is to be done by a chancellor at a time real, on a scene certain, and with a knowledge special to the actual circumstances and to the individual child or children. The legislative enactment is remedial in nature and is initiated by a filing within the Public Welfare Department, alleging failure of support to the extent that the power and authority of the Welfare Department is necessary to protect the welfare of the child. There was no such State involvement in the case sub judice. The Chancellor's action below was improper because it assumed that the Chancellor is bound to follow the Child Support Award Guidelines when he is not so bound and further because it assumes a material change in circumstances related to the guideline amounts without sufficient proof of such a material change. Clark v. Myrick, 523 So.2d 79, 83 (Miss. 1988). Therefore, we reverse and render on this issue, and reinstate the $1,100.00 per month child support payment.
REVERSED AND RENDERED
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, P.J., and BLASS, J., dissent.
DAN M. LEE, Presiding Justice, dissenting:
Subsequent to the original decree, Kenny Thurman suffered a monthly decrease in salary of $700.00. The majority contends that such a change is neither material nor significant because Mr. Thurman's employment has not changed. This conclusion, I submit, ignores our narrow scope of review in such cases, as well as the facts in this particular case. For that reason, I dissent.
In order to effect a modification of child support, Mr. Thurman had the burden of showing a material and substantial change in his circumstances as a result of events which arose after the entry of the original decree. See Morris v. Morris, 541 So.2d 1040, 1042-43 (Miss. 1989). The facts in the case sub judice showed that Mr. Thurman had indeed suffered a $700.00 per month decrease in salary, and that this change occurred approximately one (1) year after the original divorce decree. This Court has previously held that a decrease in income by $700.00 per month is a material and substantial change. See Morris, 541 So.2d at 1043. The facts also showed that even with his new wife's income, he was forced to borrow approximately $500.00 per month in order to meet his child support obligation. Based on these facts, I submit that Mr. Thurman met his burden and, therefore, the Chancellor did not err in so finding and ordering a modification of the support obligation.
The majority contends that the modification was in error because in the majority's opinion, the Chancellor based the modified amount of child support solely on the guidelines for child support as found in Miss. Code Ann. § 43-19-101 (Supp. 1989). The majority correctly notes on pages 1017 and 1018 of the opinion that the determination of the amount of child support payments "shall be done by a chancellor who hears all the facts, views the witnesses, and is informed at trial of the circumstances of the parties and particularly the circumstances of the children." I submit that the court below did consider all the factors before it, in addition to the guidelines, in reaching its opinion, as is evidenced by the following statements taken from the chancellor's opinion below:
Mr. Thurman's present income, based on the only proof I have before the Court, which is his pay checks for July, August and September, 1988, that is the months before the suit was filed to modify, the month of the modification request and last month, the month of October just started  There is some question about whether or not money advanced is part of gross salary. Of course, it is. Suppose they advance $2,500.00 and the gentleman makes $2,525.00 and his employer then pays him $25.00, would he say he *1019 only earned $25.00 last month? I think not. I think he earned $2,525.00. He receives a $600.00 advance which is simply subtracted in his gross commission. I have added his gross. For the month of July, $2,525.51 plus $67.11 from the sale of his father's house, total $2,592.62. August, $3,434.83 plus $67.11, total $3,501.94. September, $2,543.17 plus $67.11, total $2,610.28. I have added July, August and September and they total $8,704.84, which I divided by three and I have his average earnings at the present time of $2,901.61. I have no proof otherwise.
Therefore, the Court finds to be a fact that is his present income. His present income is almost $700.00 a month less than it was last year.
Based on the foregoing, I submit that the Chancellor was not manifestly in error in finding that Mr. Thurman had proven a material and substantial subsequent change in circumstances and ordering a modification of child support obligation. In reversing and rendering, the majority has clearly ignored our limited standard of review: we "will not reverse a chancery court's findings of fact where they are supported by substantial credible evidence in the record." Anderson v. Burt, 507 So.2d 32, 36 (Miss. 1987); Norris v. Norris, 498 So.2d 809, 814 (Miss. 1986); Gilchrist Machinery Co., Inc. v. Ross, 493 So.2d 1288, 1292 (Miss. 1986); Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983); Culbreath v. Johnson, 427 So.2d 705, 707-09 (Miss. 1983); Richardson v. Riley, 355 So.2d 667, 668 (Miss. 1978)." Clark v. Myrick, 523 So.2d 79, 80 (Miss. 1988). The majority is also substituting its opinion for that of the factfinder which is clearly contrary to our standard of review. Cheatham v. Cheatham, 537 So.2d 435 (Miss. 1988); Culbreath v. Johnson, 427 So.2d 705 (Miss. 1983). Therefore, I respectfully dissent.
BLASS, J., joins this dissent.