598 So.2d 783 (1992)
Linda R. TANNER
v.
Dean T. ROLAND.
No. 91-CA-0022.
Supreme Court of Mississippi.
May 6, 1992.
*784 David M. Sessums, Varner Parker Sessums & Akin, Vicksburg, for appellant.
W. Richard Johnson, Vicksburg, for appellee.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
From an action for abatement of child support, Linda Tanner appeals the March 1, 1991, judgment of the Warren County Chancery Court, which dismissed her Petition for Citation for Contempt and found that the issue of an alleged arrearage in child support payments had been settled between the parties and could not be relitigated. Finding that the Chancellor erred in determining that a 1987 court-approved modification of Dean Roland's child support obligations concluded the matter of the arrearage, we reverse and remand.

I.
Linda Tanner and Dean Roland were granted a divorce by decree of the Warren County Chancery Court on November 2, 1976. Tanner was awarded custody of the three minor children born of the marriage: Richard, who was born on January 23, 1965; Lorie, born on October 5, 1966; and Leslie, born on May 18, 1971. Roland was ordered to pay a total of $200.00 per month for the children's support.
Times were difficult for both Tanner and Roland after the divorce. Tanner asserts that Roland failed to meet his child support obligations with any regularity between 1976 and 1982, accumulating an arrearage of an estimated $11,600. She tried unsuccessfully to locate Roland during that period seeking assistance from the local Welfare Office after members of his family refused to tell her where he was. She filed a Petition for Citation for Contempt against him in August, 1980, but was apparently unable to pursue the action. Her income as a hair dresser was inadequate to *785 support the children, and at one time, she resorted to getting food stamps for four months.
In May, 1982, the parties entered into an agreement between themselves regarding the arrearage. Roland apparently agreed to provide the children with an automobile to make up for the support payments he had missed. That agreement later was found to be invalid by the Chancellor.
On August 18, 1987, Tanner filed a Motion for Citation for Contempt against Roland, seeking payment of past due child support in the amount of $11,000.00 which had accrued between 1976 and 1982, as well as for past and future medical bills incurred on behalf of the youngest child, Leslie. She further sought modification of the 1976 decree to allow for an increase in monthly child support payments. She supplemented the pleadings in that action with a Motion for Declaratory Judgment, requesting that the 1982 agreement entered into between the parties regarding the arrearages be declared invalid.
The Chancellor, in a judgment entered November 4, 1987, declared the 1982 agreement between the parties to be invalid as against public policy. No hearings were held, and having been advised that the parties had come to a new agreement regarding the relief sought by Tanner, the Chancellor then approved and ratified the settlement. Although a copy of the agreement upon which the judgment was based was not included in the record, the modified decree provided that Roland's monthly child support payments would be increased to $250.00 until the youngest child reached her twenty-first birthday; that he would pay the outstanding balance due on her orthodontist bill; and that he would pay one-half of her medical expenses not covered by insurance. However, the judgment was silent on the subject of the alleged arrearage in child support payments.
On February 28, 1990, Roland filed a motion to modify the 1987 decree, seeking abatement of all child support and medical and dental payments for which he been obligated. It was undisputed that the youngest child, Leslie, though only nineteen years old, was fully emancipated and not dependent upon either parent for support.
Although she did not contest Roland's request for abatement, Tanner responded with a Motion for Contempt, Judgment and Other Relief on March 20, 1990. She sought payment of past due child support now claimed in the amount of $13,600.00, interest and attorney's fees.
On December 7, 1990, the Chancellor granted Roland's motion, abating all forms of child support for which he had been obligated under the prior decrees. The Chancellor further denied Tanner's motion for contempt, finding:
That no testimony was taken in 1987 in this cause. The parties submitted an agreed judgment which was accepted and entered by the Court. From the "four corners" of the judgment the Court determined the alleged arrearage between 1976-1982 has been concluded between these parties. It is noted that the judgment says it came on to be heard on Motion for Citation for Contempt; that after having considered all other relief (other than the Declaratory Rule 57) prayed for in the motion (which included judgment for arrearage, paragraph 4 of mother's motion), the Court was advised they had reached an agreement; "... The Court is of the opinion that said agreement for the purposes of settlement is hereby approved and ratified," etc.; the Court is therefore of the opinion that the issue of the same arrearage was before the Court in 1987, and was resolved by agreement and settlement with the father assuming an increase in support, substantial medical expenses already incurred, not covered in the prior judgment, and accepting responsibility for one half (1/2) future medical; the alleged arrearage before the November 4, 1987 judgment is merged in that judgment, is as a matter of law stare decisus [sic] between the parties, and cannot now be relitigated; ... .

II.
The Chancellor's findings of fact will not be reversed where they are supported by *786 substantial credible evidence in the record. Clark v. Myrick, 523 So.2d 79, 80 (Miss. 1988). In cases involving alimony and child support, we afford the Chancellor considerable discretion and his findings will not be reversed unless he was manifestly in error or abused his discretion. Lawrence v. Lawrence, 574 So.2d 1376, 1382 (Miss. 1991); Powers v. Powers, 568 So.2d 255, 258 (Miss. 1990); Carpenter v. Carpenter, 519 So.2d 891, 894-895 (Miss. 1988).
We begin on a positive note, observing that the Chancellor, in his 1987 judgment, properly found that the 1982 agreement between the parties regarding the alleged arrearage was not valid. Decisions of this Court provide a constant reminder that child support payments are made to the custodial parent for the benefit of the child. Lawrence, 574 So.2d at 1381. The child's right to his parent's support cannot be bargained or contracted away by his parents. Calton v. Calton, 485 So.2d 309, 310-311 (Miss. 1986). Likewise, this Court has frowned on the use of self-help measures to remedy child support problems. "No party obligated by a judicial decree to provide support for minor children may resort to self help and modify his or her obligation with impunity. The interest of children weighs in the judicial mind far heavier than those of either parent." Cumberland, 564 So.2d at 847.
Because the youngest child, Leslie, was emancipated before reaching the age of twenty one, we further note that Roland took the appropriate steps in 1990 by petitioning the court for abatement of his child support obligations. Duncan v. Duncan, 417 So.2d 908, 909 (Miss. 1982).

III.
Somewhere in the midst of this procedural correctness, we find, however, that the issue of the alleged arrearage in child support payments which accrued between 1976 and 1982, was erroneously swept under the carpet. In family law, as in other areas of our jurisprudence, we recognize that that which has been finally adjudicated should not be relitigated. Tedford v. Dempsey, 437 So.2d 410, 417 (Miss. 1983). However, we do not find that the Chancellor's 1987 judgment served as a final adjudication of the issue of arrearage raised by Tanner in her Motion for Citation for Contempt. In looking at the "`four corners' of the [1987] judgment," the Chancellor concluded that the issue was resolved by Roland's agreement to increase his child support payments to $250.00 per month; to pay the balance of the minor child, Leslie's already-incurred orthodontic expenses; and to pay for one half of her future medical expenses. In our opinion, this was a modification of Roland's child support obligations which in no way alleviated his liability for any arrearages which accrued between 1976 and 1982. The 1987 judgment was silent on the subject of the arrearage and nothing in the record suggests that it was intended as anything but a modification of Roland's obligation to support his youngest child.
We have consistently held that child support payments vest in the child as they accrue. Once they have become vested, just as they cannot be contracted away by the parents, they cannot be modified or forgiven by the courts. Varner v. Varner, 588 So.2d 428, 432-433 (Miss. 1991); Premeaux v. Smith, 569 So.2d 681, 685 (Miss. 1990); Thurman v. Thurman, 559 So.2d 1014, 1016-1017 (Miss. 1990); Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss. 1990); Brand v. Brand, 482 So.2d 236, 237 (Miss. 1986). Each payment that becomes due and remains unpaid "becomes `a judgment' against the supporting parent." Brand, 482 So.2d at 237; Cunliffe v. Swartzfager, 437 So.2d 43, 45-46 (Miss. 1983); Howard v. Howard, 191 So.2d 528, 531 (Miss. 1966). The only defense thereto is payment. Varner, 588 So.2d at 433. The delinquent parent is liable also for the interest which has accrued on each unpaid support payment from the time it was due. Brand, 482 So.2d 236, 238. See also, Rubisoff v. Rubisoff, 242 Miss. 225, 235, 133 So.2d 534 (Miss. 1961) and Schaffer v. Schaffer, 209 Miss. 220, 226, 46 So.2d 443, 444 (Miss. 1950) (interest on unpaid alimony accrues from the date it was due). That all three Roland children are now emancipated *787 does not preclude Tanner from seeking recovery of the arrearage from Roland. Varner, 588 So.2d at 433.
The Chancellor's finding that the matter of the arrearage was settled by the 1987 modification of child support effectively forgives Roland's past obligations. This is contrary to our well-established rule that "a court cannot relieve the civil liability for support payments that have already accrued." Hailey v. Holden, 457 So.2d 947, 951 (Miss. 1984), citing, Cunliffe, 437 So.2d at 43; Duncan, 417 So.2d at 908; Howard v. Howard, 191 So.2d 528 (Miss. 1966). We have found a chancellor to be in error for suspending execution on a judgment for past due child support. Brand, 482 So.2d at 238-239. We, likewise, have held that a chancellor erred in finding that payment of only that part of the past due child support which had accrued prior to the warring couples' protracted child support litigation extinguished his liability. Cumberland, 564 So.2d at 847-848. Furthermore, where a supporting parent had paid roughly half the amount owed under a prior decree for two months and none during the third month in question, we reversed the chancellor's determination that the parent was liable only for the difference between the unpaid amounts and the greatly reduced modified monthly obligation. Thurman, 559 So.2d 1014 at 1016-1017.
Consistent with these decisions, we find that the Chancellor's determination that the 1987 modification settled the matter of the arrearage between the parties amounts to a forgiveness of Roland's vested but unpaid child support obligations. Accordingly, we reverse and remand for determination of the amount of the arrearage and consideration of Tanner's Petition for Citation for Contempt.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.