## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-01232-SCT

*MISSISSIPPI STATE DEPARTMENT OF HUMAN*
*SERVICES*

*v.*

*LANDON CARROLL ST. PETER*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/96 |
| TRIAL JUDGE: | HON. HARVEY T. ROSS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BYRON HUGHES |
| ATTORNEY FOR APPELLEE: | LINDSEY C. MEADOR |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND RENDERED - 3/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/13/98 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## I. STATEMENT OF THE FACTS AND CASE

¶1. Landon and Margaret St. Peter were divorced in Bolivar County, Mississippi on September 14, 1979. The final decree of divorce required Landon to pay $400 per month in child support to his two minor daughters, Lacy and Sonya. On May 9, 1988, the Court entered an order finding Landon to be $11,850.00 in arrears in his child support payments and awarding this same amount to Margaret. The Court also entered an order providing for the withholding of Landon's income to satisfy this indebtedness. This order provided for the withholding of $500 per month total to gradually satisfy the delinquency while at the same time continuing the current payments called for under the original child support order[(1)].

¶2. Landon timely made the payments called for under the May 1988 order, but on July 18, 1996, the Mississippi Department of Human Services (DHS) served a Notice of Delinquency upon Landon informing him that he was still $2827.00 in arrears on his child support payments and warning of additional withholdings if this amount was not paid. On August 28, 1996, Landon filed an "Objection

to Notice of Delinquency," requesting that the Bolivar County Chancery Court enter an order to the effect that Landon had no current delinquency and that the arrearage was being timely paid. The motion further requested that the Court order the DHS to withdraw any notices of a delinquency sent to credit bureaus and abstain from sending any such notices in the future.

¶3. On September 17, 1996, the Court entered an "Order Adjudicating No Delinquency," holding that "due to timely payment by Landon C. St. Peter on the aforesaid arrearage of $2,827.00 there is no delinquency, and that any notice sent to any credit bureau by the Mississippi Department of Human Services, or otherwise, be corrected and redacted to reflect that Landon C. St. Peter has had good credit on said arrearage and in fact there is no delinquency whatsoever." The DHS filed a motion for rehearing of this order, but this motion was denied on September 17, 1996. The DHS timely filed an appeal before this Court.

## II. <u>LAW</u>

### ISSUE

**That pursuant to Miss. Code Ann. § 93-11-69, as amended, . . . Do timely payments on child support arrearage effectively constitute a non-delinquency of such, which would thereby void and cause to be rescinded any notices sent by the Mississippi Department of Human Services, by authority of aforesaid statute, to any credit bureau or credit reporting agency, as to said arrearage?**

¶4. The instant appeal presents this Court with a question of law as to whether a sum of past due child support which is being paid off under a scheduled "payment plan" nevertheless constitutes a "delinquency." This Court has previously answered this question in the affirmative in similar contexts. This Court noted in *Tanner v. Roland*, 598 So.2d 783, 786 (Miss. 1992) (citations omitted) that:

> We have consistently held that child support payments vest in the child as they accrue. Once they have become vested, just as they cannot be contracted away by the parents, they cannot be modified or forgiven by the courts. Each payment that becomes due and remains unpaid "becomes 'a judgment' against the supporting parents."

¶5. In *Brown v. Gillespie*, 465 So.2d 1046 (Miss. 1985), a Chancellor entered judgment against a father for past due child support, but he stayed execution on this judgment so long as the father paid $ 150.00 per month in current child support plus $50 per month to address the delinquency. This Court held that this order, which is very similar to that entered by the Chancellor in the present case, was invalid. This Court in *Brown* cited *Walters v. Walters*, 383 So.2d 827 (Miss. 1980), in which this Court held that:

> The chancellor was in error in granting a stay of execution on the judgment for $3,350 past-due child support for "so long as he pays . . . the sum of $25.00 per month toward payment of such judgment." At this rate of payment it would take about 111/2 years to pay out the judgment . . .

> [i]n the meantime, the appellant is being denied the right to attempt to collect the judgment through the normal collection processes, that is, writ of garnishment or writ of execution, or even the right to negotiate a mutually satisfactory plan of payment with the appellee.

***Brown***, 465 So.2d at 1048-49 (citing ***Walters***, 383 So.2d at 829).

¶6. This Court held in ***Brand v. Brand***, 482 So.2d 236 (Miss. 1986) that the Chancellor

> (c)ommitted error when he suspended execution on the judgment for past due child support. We have recently held unequivocally that a judgment for child support is subject to enforcement via the auxiliary processes of writ of execution, writ of garnishment, and the like, the same as any other judgment. . . . So much of the judgment below as provides for a stay of enforcement is reversed and rendered.

***Brand***, 482 So.2d at 238-239. (citations omitted).

¶7. This Court has thus previously concluded that a Chancellor may not "forgive" a child support judgment or otherwise limit the collection remedies available in the enforcement of a child support judgment. There can accordingly be little doubt that the Chancellor was incorrect in ruling that the $2,827.00 which remained unpaid from the 1988 child support judgment against Landon did not constitute a delinquency. The law is clear that unpaid amounts of child support become a judgment against the supporting parent when they are due, and it can not be validly contended that an unpaid judgment, including one in the process of being paid, does not constitute a delinquency. There is similarly no doubt that the DHS was within its authority in reporting this delinquency to credit bureaus. See Miss. Code Ann. § 93-11-69 (1994).

¶8. Landon did not elect to file a responsive brief in the present appeal, and this Court accordingly has no arguments on his part to address. This Court infers, however, that Landon and the Chancellor based their conclusion that Landon was not delinquent in his child support obligations on the fact that Landon complied with the 1988 order in which the Chancellor ordered payments of $ 400 per month in current child support payments and $100 per month to address the delinquency. The record does indicate that Landon timely made the payments called for to satisfy this indebtedness and that, on certain months, he even exceeded the required payments amounts.

¶9. Landon's belief that he was not delinquent in his child support payments is understandable in light of the fact that he was in compliance with the "payment plan" set up by the Chancellor in 1988. It is admirable that Landon decided to begin paying off his child support debt, but Landon's adherence to the payments under the 1988 order does not alter the fact that, as of June, 1996, he still owed over two thousand dollars in past due child support. The fact that a delinquency is in the process of being corrected through a "payment plan" does not alter the existence of the underlying delinquency until such time as it is paid. In the meantime, the judgment which the Chancellor entered against Landon in 1988 was still partially unpaid, and the DHS had every right under statute to report the existence of this delinquency to the appropriate credit agencies.

¶10. The fact that the DHS has the statutory right to report such a delinquency does not, of course, mean that it is necessary or even advisable for it to do so in the present case. This Court has some concern as to whether the actions of the DHS in the present case were necessary in light of Landon's good faith efforts to pay off the delinquency, which has probably been extinguished by the date of this appeal. The DHS may find it advisable to show leniency in cases where a parent is making good faith efforts to pay off a child support judgment, but this is a matter within the discretion of the DHS. This

Court has made it clear that judicially approved "payment plans" such as that ordered by the Chancellor in the present case do not alter the existence of the underlying delinquency, nor do they serve to limit the customary collection remedies which are available under this State's jurisprudence.

¶11. The Chancellor's finding that Landon owed no delinquency is in conflict with this Court's holding in *Tanner* that child support payments, once vested, may not be "forgiven by the courts." *Tanner*, 598 So.2d at 786. In addition, the Chancellor's ruling that the DHS had no authority to report any such delinquency is in conflict with prior decisions of this Court such as *Walters*, which make it clear that the "normal collection processes" may be utilized in order to collect a child support judgment. *Walters*, 383 So.2d at 829. Although this Court has sympathy for Landon's position in the present case, we conclude that Landon still owed a delinquency as of July, 1996, and that the DHS was within its authority in reporting this delinquency. The Chancellor's ruling is accordingly reversed and rendered.

¶12. **REVERSED AND RENDERED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶13. I disagree with the majority's conclusion that the Department of Human Services acted within its authority in reporting St. Peter's "delinquency" to credit bureaus. Pursuant to a 1988 court order, St. Peter's child support was structured into a monthly payment schedule, upon which he was timely paying. The Department of Human Services, however, determined that the $2,827 balance of the original $11,850 arrearage was "overdue support" to be reported to consumer reporting agencies pursuant to Miss. Code Ann. § 93-11-69 (1994). "Overdue support" is defined by statute as "any payments that are ordered by any court to be paid by an absent parent for the support of a child that have remained unpaid for at least thirty (30) days after payment is due." § 93-11-69(1)(d). There is no evidence that St. Peter was behind in his payments; to the contrary, the record indicates that he paid his monthly obligations on time and even exceeded the required payments. The Department of Human Services therefore exceeded its statutory authority in finding a deficiency and circumvented the chancellor's order in reporting him to credit authorities, playing judge, jury and executioner. Accordingly, I would affirm the order of the chancery court.

1. This sum represented payment of the current monthly child support payment of $400 and an additional sum of $100 toward the $11,850.00 deficiency judgment, totaling $500. Additionally, a stay of execution on the judgment was granted if the sum of $500 was paid monthly. DHS was not a party to this suit; no appeal was taken by either parent from this order.