LEE, J.,
for the Court:
¶ 1. On December 11, 1998, the Chancery Court of Warren County, Mississippi entered an order modifying the child custody payments of Jeffrey K Burnett. Pri- or to that date in a bifurcated proceeding, the Chancery Court granted Jeffrey’s motion and gave him physical custody of' his eldest daughter. Terri Cowart Frazier appeals asserting two issues
1. The Chancellor erred in: a) failing to recognize and apply judicial estoppel when Appellee promised through his pleadings that child support would not be reduced; and, b) not enforcing the Judgment of Divorce dated November 22, 1993, which established the amount of child support without a new Order being entered modifying said Judgment.
2. Alternatively, the Chancellor erred in failing to require Appellee to retroactively pay to Appellant the full amount of the increased child support award found to be necessary after the date of the change of custody hearing.
STATEMENT OF THE CASE
¶ 2. On December 18, 1997, Jeffrey K. Burnett filed a motion for modification of child custody. This motion requested that he be granted physical custody of the oldest child, a fourteen year old girl, so that in accordance with her wishes she could live with him rather than with her mother, Terri Cowart Frazier, to whom custody had been awarded in the original divorce decree of November 22, 1993. The motion did not seek any change in custody of the former couple’s two younger children, but it did assert that the child support for the two younger children should be reduced from the amount specified in the child custody and property settlement agreement, and it was later amended to assert that Terri be ordered to pay support to him for the eldest child. That original agreement provided:
[T]he husband agrees to pay to Wife, as a form of child support the sum of Seven Hundred Thirty Three Dollars and 3%oo ($733.33) per month per child for the support and maintenance of the minor children of the parties, said payments to be paid in two equal payments of $1,100.00 each, beginning December 7, 1993 and December 22, 1993 and continuing of the 7th and 22nd day of each and every month thereafter ... provided further, however, that if and when the Wife remarries, the Husband will automatically increase his child support contribution by the sum of $166.66 per month, per child, with said increase to take effect and to be payable on the 7th and 22nd day of the first full month following the remarriage of the Wife.
Terri remarried at some time prior to the filing of the motion to modify custody, so that at the time the trial court heard this matter, Jeffrey was paying $900 per child per month, by the terms of the agreement.
¶ 3. Prior to Terri filing an answer, Jeffrey filed a motion to bifurcate the proceedings so that the custody of the eldest daughter could be decided expeditiously without reaching a decision on the merits as to the child support. This motion provided that:
[T]he issue of custody be resolved without further delay and that this Court should enter its order bifurcating its proceedings herein so as to proceed as scheduled on February 27, 1998, to determine whether or not custody of [eldest daughter] should be modified so as to grant her custody to Jeffrey K. Burnett and that the child support payable herein by Jeffrey K. Burnett to Terri Cowart Burnett Frazier should not be reduced and should remain as previously set by prior Order of this Court.
*266 Terri consented to the bifurcation of issues and filed an answer contesting the change in custody and counter-claimed for an increase in child support.
DISCUSSION
1. JUDICIAL ESTOPPEL AND THE JUDGMENT OF DIVORCE
¶ 4. The first issue involves the interpretation of the two above quoted passages from the child custody and property settlement agreement and from the motion to bifurcate. Terri asserts that Jeffrey took inconsistent positions concerning how much he would pay in child support. That is, in the agreement he agreed to pay $900 per month per child, and in the motion to bifurcate he stated the child support should not be reduced until a final adjudication of all issues raised in his motion for modification of child custody, yet he unilaterally reduced his monthly child support payments by $900 after the trial court issued a memorandum opinion and order on March 26, 1998, which granted him physical custody of the eldest daughter but left the matter of the amount of child support for another day. Terri asserts that the trial court erred in not finding that he was estopped during a later hearing from claiming he did not have to pay $900 per month to her even though she no longer had custody of the child for whom this support was agreed and ordered.
¶ 5. In this case there is no doubt that Terri agreed to bifurcate the issues of custody of the eldest daughter and child support in the belief that Jeffrey had agreed to continue paying child support at the amount of $2,700 per month. Terri consistently maintained that she not only intended to oppose the portion of Jeffrey’s motion for modification that sought to reduce the amounts but she also intended to argue that they should be raised. Considering she argued the support should be raised, she could not logically have agreed to reduce the amount. Moreover, at the time the motion for a change in custody was heard, March 16, 1998, Jeffrey and Terri were still in the process of discovering each other’s financial positions, and as a practical matter without the bifurcation no custody change hearing could have taken place in March of 1998.
¶ 6. However, Jeffrey contends that when he stated in his motion to bifurcate that he would leave the issue of the amount of child support for a later hearing, that he only meant to specify to the trial court that the only issue upon which he wished to expedite a hearing was the custody of the oldest daughter. He believed that her welfare required that the custody matter be resolved as quickly as possible. Moreover, there cannot be doubt that the daughter was experiencing some emotional distress because despite her wish to reside with Jeffrey, Terri strongly opposed the custody change.
¶ 7. Judicial estoppel is a doctrine of law applied by a trial court to a situation where a party asserts one position in a prior action or pleading but then seeks to take a contrary position to the detriment of the party opposite. Mauck v. Columbus Hotel Co., 741 So.2d 259, 264 (Miss.1999); Skipworth v. Rabun, 704 So.2d 1008, 1015 (Miss.1996). A party asserting equitable estoppel must show that he has changed his position in rebanee upon the conduct of another and that he has suffered detriment caused by his change of position in reliance upon such conduct. PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss.1984). This doctrine is applied only when to refuse it would be inequitable because the law does not regard estoppels with favor. Id. Mississippi law permits a parent to receive credit for having paid child support where it was paid directly to or for the benefit of the child because to hold otherwise would unjustly enrich the mother. Alexander v. Alexander, 494 So.2d 365, 368 (Miss.1986). Because the evidence is clear that the child in this case received the benefit of child support directly from the father, we do not find that equitable estoppel is applicable *267 because there is no resulting inequity. PMZ Oil Co., 449 So.2d at 206.
¶ 8. Terri additionally contends that the trial court erred in not finding Jeffrey in contempt and enforcing the child custody and property settlement agreement to require Jeffrey to continue paying the twice monthly installments of $1,350 until such time as the trial court issued a final judgment on the levels of support. Where a trial court awards support for multiple children, one child’s leaving does not automatically reduce the awarded support; rather, an order of the court must be obtained before a parent may reduce his support payments. Manning v. Tanner, 594 So.2d 1164, 1168 (Miss.1992). However, our supreme court has also held that because child support is given “strictly for the benefit and protection of the child” when physical custody is changed and a child comes to live with the parent who was previously ordered to pay child support, there “was no logical reason for the child support payments to continue.” Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989) (citing Alexander v. Alexander, 494 So.2d 365, 368 (Miss.1986)).
¶ 9. Ultimately the trial court took up the issue of the levels of support in its memorandum opinion and order of December 11, 1998. The trial court ruled Jeffrey was not in contempt and ordered the support due from him to Terri for the eldest child’s support discontinued retroactively to the March 26, 1998 memorandum opinion and order. The appellate standard applied to determinations of child support is abuse of discretion. Lahmann v. Hallmon, 722 So.2d 614, 620 (Miss.1998); Tanner v. Roland, 598 So.2d 783, 785-86 (Miss.1992); Carpenter v. Carpenter, 519 So.2d 891, 894-95 (Miss.1988). We find the chancellor -applied the correct legal standard, and the facts support the trial court’s ruling. Moreover, as earlier stated, we do not find that the trial court erred in refusing to apply judicial estoppel to this action. Accordingly, we find this first issue is without merit.
2. WHETHER THE INCREASED AMOUNT OF CHILD SUPPORT SHOULD HAVE APPLIED RETROACTIVELY
¶ 10. The substance of Terri’s second assignment of error is that the trial court’s second memorandum opinion and order of December 11, 1998, in effect, retroactively ordered the discontinuation of support for the eldest daughter but only prospectively ordered the increase in support for the two younger children. Terri argues that “it is only fair and equitable” that the increase in support for the two younger children be applied retroactively to the date of the first memorandum opinion and order. She asserts “no difference” of facts supporting the increase existed in December of 1998 that did not also exist in March of 1998.
¶ 11. This is a case in equity, and we liberally construed Jeffrey’s pleadings in finding he was not judicially estopped from discontinuing support for the eldest child until such time that the trial court considered support levels for all three children. The evidence that the trial court relied upon in paying support for the two younger children supported the modification be retroactive rather than prospective. Shortly after receiving physical custody of the eldest daughter, Jeffrey filed an amendment to his pleadings contending that Terri should pay support to him for the eldest daughter’s care. The support issue was heard on October 12, 1998. Jeffrey testified and introduced documentary evidence that he had expended $696.96 per month to support her since he received physical custody in March of 1998. Jeffrey’s financial statement that the trial court relied upon to ascertain his ability to pay support dated back to February of 1998. At the October 12, 1998 hearing, Terri testified about past needs of the younger two children that she has been unable to meet or provide in the past. In sum, all of the evidence introduced concerning the needs of the children or Jef *268 frey’s ability to pay went to past rather than prospective ability or needs.
¶ 12. The appellate standard applied to determinations of child support is abuse of discretion. Lahmann, 722 So.2d at 620; Tanner, 598 So.2d at 785-86; Carpenter, 519 So.2d at 894-95. While the latitude given to awards of child and spousal support is wide, it is not unfettered. Our supreme court recently reversed a decision in which a child left his mother’s home but the trial court failed to retroactively give the father credit for support paid for that child pending a court ordered modification. Sumrall v. Munguia, 757 So.2d 279 (¶ 28) (Miss.2000). Our supreme court also reversed where a trial court failed to make a factual explanation as to why it only ordered support retroactive for twelve months rather than to the date of entry of the original decree. Monroe v. Monroe, 745 So.2d 249, 253 (Miss.1999). Lastly, our supreme court has stated while the trial court has discretion, the better practice is to order a change in child support retroactive to the date on which the motion for modification is filed. Lawrence v. Lawrence, 574 So.2d 1376, 1384 (Miss.1991).
¶ 13. In this case, viewing the equities involved, were it not for Terri’s reliance upon Jeffrey’s assertion in his pleading that he did not seek to alter support amounts in the first portion of the bifurcated hearing and her resulting waiver of any objection to the bifurcation, it is quite likely that the support levels for all three of the children would have been determined at the same time — the October 12, 1998 hearing — and Jeffrey would have been required to pay support for the eldest daughter until after the trial court ruled following that hearing. Ultimately, the trial court only issued this second memorandum opinion and order on December 11, 1998. Moreover, there was no factual basis to find the two younger children’s needs were any less on March 26,1998, the date of the first memorandum opinion and order, than on December 11, 1998. Nor was there a factual basis to conclude that Jeffrey’s ability to pay had changed during that time. Additionally, the trial court found that the facts asserted in Terri’s counterclaim filed on March 11, 1998 were true to the extent that additional support was required. Under these facts and the rather unique effect the bifurcation had upon the trial court’s taking up the issues, it is simply arbitrary to apply different dates to the alteration of support for any of the three children. Moreover, according to our supreme court, “the best practice” would be for the increase in support for the two youngest children to be made retroactive to that date. Lawrence v. Lawrence, 574 So.2d at 1384. Accordingly, we find that limiting the increase in support prospectively from December of 1998 is without factual support, and we hold that the chancellor abused her discretion in finding that the increase in support for the two younger children did not retroactively apply to March 26, 1998. Accordingly, we hold that the increase in support from $900 per month to $1000 per month for each of the two younger children applies retroactively to March 26, 1998 and vacate that portion of the trial court’s memorandum opinion and judgment holding to the contrary. We affirm the memorandum opinion and judgment as it relates to judicial estoppel not applying to this cause and Jeffrey not being in contempt for failure to pay child support.
¶ 14. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.