# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01024-SCT

*TIMOTHY JAMES HOUCK*

*v.*

*GUYOLYN OUSTERHOUT*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/22/2002 |
| TRIAL JUDGE: | HON. JOHNNY LEE WILLIAMS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ORVIS A. SHIYOU |
| ATTORNEY FOR APPELLEE: | PHILIP DAVID BRIDGES |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | AFFIRMED - 12/31/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER AND GRAVES, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.    Timothy James Houck and his former wife, Guyolyn Ousterhout, agreed to divide custody of their five children, and entered into an agreed order which relieved Houck of any further obligations for the payment of child support in exchange for a lump sum payment of $1,500.  Later Ousterhout sought nullification of that agreed order, and the Chancery Court of Lamar County voided the agreed order and awarded back support, along with a modification of future child support.  We affirm the chancellor's judgment.

## FACTS

¶2.     Timothy James Houck and Guyolyn Ousterhout were divorced on March 10, 1993. The chancellor awarded custody of their five children to Ousterhout and ordered Houck to pay $1,200 per month in child support, one-half of all medical and dental expenses not covered by insurance, and one-half of college tuition, including room, board and transportation, for four years.

¶3.     Sometimes after the divorce, the two eldest children began living with Houck. After the Department of Human Services filed suit against Ousterhout, she was ordered to pay child support of $200 per month.

¶4.     In 1996, because two children were living with Houck and three with Ousterhout, the parties entered an agreed order modifying the divorce decree. The order stated that "[m]aterial changes ha[d] occurred in the life of Timothy James Houck which prevent[ed] him from being able to pay his child support as directed." The parties agreed that Houck would pay Ousterhout a lump-sum of $1,500 in consideration of Ousterhout's waiver of "all past, present and future child support payments," and that "[b]oth parties hereby agree to forever release one another from any obligation, now or in the future, of child support payments by or to either party."

¶5.     In November of 2000, Houck filed a petition seeking custody of the three unemancipated children, and alleged that Ousterhout had not allowed him to have visitation with them. Ousterhout responded that, because Houck was not paying child support and college and medical expenses, she would not meet Houck halfway to allow him to have visitation. She also requested attorney's fees, nullification of the 1996 agreed order, and an award of back child support.

¶6.     The chancellor, finding that the 1996 agreement violated public policy, voided the agreement and awarded back child support to Ousterhout (for the benefit of the children) in the amount of $89,848.65,

2

plus interest at the rate of 8% per annum. The chancellor also modified the amount of future child support to $300 per month. Houck appeals.

¶7. Finding that parents may not agree to relieve one parent of his or her obligation to pay child support, we affirm the nullification of the agreement, the amount of the child support awarded, and the interest rate set by the chancellor.

## DISCUSSION

### I. WHETHER THE CHANCELLOR ERRED IN RENDERING THE JULY 31, 1996, AGREEMENT NULL AND VOID.

¶8. The modification relieving Houck of any obligation to pay child support to a custodial parent is null and void. Child support payments are made to the custodial parent for the benefit of the child. *Tanner v. Roland*, 598 So. 2d 783, 786 (Miss. 1992); *Lawrence v. Lawrence*, 574 So. 2d 1376, 1381 (Miss. 1991). The child's right to his parent's support cannot be bargained or contracted away by his parents. *Tanner*, 598 So. 2d at 786; *Calton v. Calton*, 485 So. 2d 309, 310-11 (Miss. 1986).

¶9. We have consistently held that child support payments vest in the child as they accrue. Once they have become vested, just as they cannot be contracted away by the parents, they cannot be modified or forgiven by the courts. *Tanner*, 598 So. 2d at 786; *Varner v. Varner*, 588 So. 2d 428, 432-33 (Miss. 1991); *Premeaux v. Smith*, 569 So. 2d 681, 685 (Miss. 1990); *Thurman v. Thurman*, 559 So. 2d 1014, 1016-17 (Miss. 1990); *Cumberland v. Cumberland*, 564 So. 2d 839, 847 (Miss. 1990); *Brand v. Brand*, 482 So. 2d 236, 237 (Miss. 1986). Each payment that becomes due and remains unpaid "becomes 'a judgment' against the supporting parent." *Tanner*, 598 So. 2d at 786; *Brand*, 482 So. 2d at 237; *Cunliffe v. Swartzfager*, 437 So. 2d 43, 45-46 (Miss. 1983); *Howard v. Howard*,

191 So. 2d 528, 531 (Miss. 1966). The only defense thereto is payment. *Tanner*, 598 So. 2d at 786; *Varner*, 588 So. 2d at 433. That two of the children are now emancipated does not preclude Ousterhout from seeking recovery of the arrearage from Houck. *Tanner*, 598 So. 2d at 786; *Varner*, 588 So. 2d at 433.

¶10.    Accrued child support payments cannot be extinguished by a court: "A court cannot relieve the civil liability for support payments that have already accrued." *Hailey v. Holden*, 457 So. 2d 947, 951 (Miss. 1984) (citing *Cunliffe*, 437 So. 2d at 43; *Duncan v. Duncan*, 417 So. 2d 908 (Miss. 1982); *Howard*, 191 So. 2d at 528). We have found a chancellor to be in error for suspending execution on a judgment for past due child support. *Brand*, 482 So. 2d at 238-39. We have likewise held that a chancellor erred in finding that payment of only that part of the past due child support which had accrued prior to the warring couple's protracted child support litigation extinguished his liability. *Cumberland*, 564 So. 2d at 847-48; *see also Thurman*, 559 So. 2d at 1016-17 (Where a supporting parent had paid roughly half the amount owed under a prior decree for two months and none during the third month in question, the chancellor erred in finding that the parent was liable only for the difference between the unpaid amounts and the greatly reduced modified monthly obligation.).

¶11.    Consistent with these decisions, we affirm the chancellor's nullification of the 1996 modification.

> ## II.    WHETHER THE CHANCELLOR ERRED IN CONTINUING TO USE THE $1,200 PER MONTH CHILD SUPPORT AWARD GIVEN IN THE ORIGINAL DIVORCE DECREE.

¶12.    We have carefully reviewed the record and the chancellor's calculation of the award of back child support. He divided the original $1,200 monthly award by five children and came up with $240 per month per child. He then took into account the amount of time that the two eldest children lived with Houck, the

4

$200 per month that Ousterhout was ordered to pay, and the $1,500 Houck paid in consideration for the 1996 agreement. Finally, the chancellor added in one-half of medical expenses and tuition which Houck had not paid. We cannot find any error in the chancellor's determination that Houck owed Ousterhout $89,848.65 in back child support.

¶13. Houck's only argument against the amount of the award is that, pursuant to the 1996 agreement, he was not liable for any child support since the date of the agreement. This argument was discussed and dismissed in Issue I, above. We therefore affirm the chancellor's award of $89,848.65 in back child support.

### III. WHETHER THE CHANCELLOR ERRED IN AWARDING INTEREST ON CHILD SUPPORT AT 8% PER ANNUM.

¶14. Houck argues that, first, he does not owe any arrearages, and second, that 8% "does not appear to be fair . . . in today's economy." He cites no case law in support of his argument.

¶15. The chancellor had the discretion to set the rate of interest. Miss. Code Ann. § 75-17-7 (Rev. 2000).[1] There is no question that the chancellor had the authority to award interest on delinquent child support payments. As to the amount of interest awarded, we have affirmed an award of 8% per annum

---

[1]Miss. Code Ann. § 75-17-7 (Rev. 2000) provides as follows:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

5

rate of interest on past due child support payments. *Adams v. Adams*, 591 So. 2d 431, 436 (Miss. 1991). Notwithstanding today's lower interest rates, the child support payments owed by Houck were due over several years in which interest rates fluctuated. We find that the chancellor did not abuse his discretion as to this issue and that this assignment of error is without merit.

## CONCLUSION

¶16.    We affirm the chancellor's nullification of the 1996 agreement which waived past, present and future child support as being violative of public policy. We also affirm the award of back child support of $89,848.65 and the award of interest at the rate of 8% per annum.

¶17.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., COBB, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**