KITCHENS, Justice,
Specially Concurring:
¶ 45. I concur with the majority opinion in its analysis and its result, but I write separately to explain why I join, in part, Justice Dickinson’s separate opinion. I agree with his conclusion that the determination of child support is and should be a judicial matter. However, until this Court chooses to exercise its rule-making power in this regard, our chancery courts are bound by the guidelines that have been established by the legislature.
¶ 46. Mississippi adopted statutory child-support guidelines in response to the federal Family Support Act of 1988. Deborah H. Bell, Bell on Mississippi Family Law § 10.01[l][c] (2005) (citing 42 U.S.C. §§ 651-669 (2000)). The federal statute provides, in pertinent part:
Each State, as a condition for having its State plan approved under this part, must establish guidelines for child support award amounts within the State. The guidelines may be established by law or by judicial or administrative action, and shall be reviewed at least once every 4 years to ensure that their application results in the determination of appropriate child support award amounts.
42 U.S.C.A. § 667(a) (emphasis added). Thus, child-support guidelines are a prerequisite to qualifying for federal funds, but such guidelines “may be established ... by judicial ... action.” Id. As Justice Dickinson correctly observes in his separate opinion, the Mississippi Constitution places matters of child support squarely within the power of the chancery courts. Miss. Const, art. 6, § 159. But, to hold Mississippi Code Section 43-19-101 unconstitutional without providing an adequate substitute would undermine an established system designed to provide financial support to children. Such a ruling from this Court would adversely affect thousands of judgments and threaten much needed federal funding.
¶ 47. Therefore, until this Court has promulgated substitute guidelines, the chancery courts should be guided by the statute. In Thurman v. Thurman, 559 So.2d 1014, 1017 (Miss.1990), we recognized that “a judicial award making a written or a specific finding different from the guidelines defeats the presumption and leaves, as this Court believes the Legislature intended in the normal case, child support determination in the hands of the customary chancery court proceeding.” In other words, the chancery court is not absolutely bound to adhere to the guidelines, provided it makes a thorough on-the-record determination, based on the evidence, for any upward or downward departure. Brocato v. Brocato, 731 So.2d 1138, 1145 (Miss.1999). Because the chancellor did not make any such finding in the instant case, the majority is correct in reversing on that issue.
*645 CARLSON, P.J., AND LAMAR, J., JOIN THIS OPINION. WALLER, C.J., GRAVES, P.J., AND DICKINSON, J., JOIN THIS OPINION IN PART.