DICKINSON, Justice,
Concurring in Part and Dissenting in Part:
¶48. The constitutional duty and authority to decide appropriate child support rests with the courts.[1] So the Legislature may not constitutionally dictate a judicial award of child support,[2] and may .not interfere with a chancellor’s mental processes in deciding cases.[3] Today, the majority reverses a child support award — not because it is unreasonable — but because in reaching his conclusion the chancellor did not follow the legislative recipe[4]. Because I would affirm the chancellor in all respects, I therefore concur in part and dissent in part.
KITCHENS, J., JOINS THIS OPINION IN PART.

. Miss. Const, art. 6, §§ 144, 159.

. Miss. Const, art. 1, § 2.

. Thurman v. Thurman, 559 So.2d 1014, 1018 (Miss.1990) ("[T]he guidelines are relevant and may be considered by a chancellor as anf aid, but the guidelines may not determine the specific need or the specific support required.”).

. See Miss.Code. Ann. § 43-19-101(1) (Rev. 2009).