782 So.2d 181 (2001)
Lori Lynn Butts FERGUSON, Appellant
v.
George Mark FERGUSON, Appellee.
No. 1999-CA-01733-COA.
Court of Appeals of Mississippi.
April 17, 2001.
*182 Maxie Gene Brown, for Appellant.
James M. Mars II, Philadelphia, Jeremy B. Chalmers, for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. This is an appeal from a decision of the chancellor to change custody of twelve year old Jonathan Ferguson from his mother, Lori Ferguson, to the child's father, George Ferguson. We affirm.
¶ 2. George and Lori Ferguson were divorced in 1990. At that time, primary custody of the couple's son, Jonathan, was awarded to Mrs. Ferguson. Upon reaching the age of twelve years, the child expressed a desire to reside with his father, and the father filed to modify custody, alleging a material change in circumstance adverse to the child's interest.
¶ 3. After an evidentiary hearing, the chancellor made findings of fact as to issues the chancellor felt were relevant. His findings included the fact that the child had reached the age of twelve and had expressed a preference to live with his father. Additionally, the chancellor made detailed findings regarding the deterioration in the relationship between the child and his mother and the rather extraordinary steps the mother had taken in an attempt to isolate the child from any meaningful relationship with his father. Based on the totality of the circumstances *183 found to have arisen after the divorce, the chancellor ordered custody to be changed.
¶ 4. Our review of such matters is limited due to the fact that the chancellor enjoys substantial discretion in matters of custody determinations. Clark v. Myrick, 523 So.2d 79, 83 (Miss.1988). We are limited to searching for an abuse of that discretion or for a finding that an error of law has occurred. Touchstone v. Touchstone, 682 So.2d 374, 377 (Miss.1996); Smith v. Jones, 654 So.2d 480, 485 (Miss. 1995).
¶ 5. The law as to custody modification in this state is well-established. First, it must be shown that a material change in circumstance has occurred that is adverse to the child's best interest. Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997). In making that determination, the chancellor is required to consider the situation of the child in its totality and may not confine himself to consideration of isolated incidents or events. Morrow v. Morrow, 591 So.2d 829, 833 (Miss.1991). If such a showing is made, a change in custody may be warranted if the chancellor, in addition, concludes that the best interest of the child would be served by a custody change. Weigand v. Houghton, 730 So.2d 581 (¶¶ 15-16) (Miss.1999).
¶ 6. In this case, the chancellor found that the mother had embarked on a course of conduct designed to isolate the child from his father, including forbidding him from speaking to his father at ball games, threatening to end the child's participation in organized sports if the father insisted on attending the events, placing a blocking device on her telephone to prevent the father from calling, having security guards remove the father from the child's hospital room after five minutes when the child was hospitalized although the father had driven an extended distance to visit the child, and stripping the child's room of all furniture and belongings and forcing the child to sleep on the floor upon learning that the child had expressed a preference to live with his father. Additionally, the chancellor found that, because of the mother's work schedule, the child's maternal grandmother had evolved into the primary care-giver, and that the grandmother also persisted in behavior having the effect of destroying a normal father-son relationship.
¶ 7. The chancellor found that this behavior had deeply embarrassed the child, caused a great deterioration in the relationship between the child and his mother, and had caused the child deep mental pain and consternation. The chancellor concluded, as a matter of fact, that the circumstances had led to the child being "a very stressed, unhappy young man who desperately wants to ... reside with his father."
¶ 8. Mrs. Ferguson attacks the chancellor's ruling in two ways. First, she contends that the chancellor erred in considering the matter at all since Mr. Ferguson came into court with unclean hands because he was behind on child support. Though this matter was the subject of some dispute at the hearing, ultimately counsel for Mrs. Ferguson stipulated that she was no longer contending that there was any arrearage in child support. This first issue is, therefore, without merit.
¶ 9. Secondly, Mrs. Ferguson contends that the chancellor abused his discretion in that he put undue weight on the testimony of her former husband and failed to ascribe sufficient weight to her own testimony. She claims, in essence, that the proof indicated only that she had a stormy relationship with her former husband but that this had not adversely affected the child's welfare. Additionally, she points toward Mr. Ferguson's past history of failure to timely pay child support *184 as an indication of his unfitness to be the custodial parent.
¶ 10. As is typically the case, there was indeed sharply conflicting evidence regarding the core issues of this proceeding. In assessing Mrs. Ferguson's arguments, we are mindful that the chancellor, in matters such as this, sits as the finder of fact. Morrow v. Morrow, 591 So.2d 829, 832-33 (Miss.1991). He hears the testimony first hand and is best able to assess the credibility of the witnesses and to assign such weight and worth to any particular testimony as he finds appropriate. Culbreath v. Johnson, 427 So.2d 705, 708 (Miss.1983). This Court, sitting as a reviewing authority, is obligated to give substantial deference to those findings since they are based on first-hand observations that cannot be assessed from a review of the printed record. We are not permitted to substitute our own opinion as to where the weight of the credible evidence might lie; rather, we are limited to a search for an abuse of discretion. Id.; Smith v. Jones, 654 So.2d 480, 485 (Miss. 1995).
¶ 11. We conclude that there was ample evidence in the record that, if found to be credible, would support the chancellor's decision to modify custody under applicable principles of law. The chancellor evidently found that evidence to be believable and our review of the record leaves us unconvinced that the chancellor abused his discretion in so finding.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF NEWTON COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.