MYERS, J.,
for the court.
¶ 1. David Fuhr is appealing the decision of the Chancery Court of Itawamba County assessing him a $15,000 child support arrearage with an eight percent interest rate from the date of May 8, 1999. Fuhr’s motion for new trial, to alter or amend judgment and stay of proceeding to enforce a judgment in which he requested that the court enter an opinion with findings of fact and conclusions of law was denied.
¶ 2. David Fuhr perfected this appeal raising as his issues that the chancellor committed error in (a) finding him in arrears from 1984-1986; (b) the calculation of interest on the arrearage; and (c) failing to make findings of fact and conclusions of law. Upon review of the lower court’s ruling, we determined that we did not have enough information to make an informed decision. We requested and received findings of fact and conclusions of law from the lower court. It is this submission, recalculating the previous amount of arrearage to the amount of $8,951.82, that we now affirm.
FACTS
¶ 3. David and Patti Fuhr were divorced in 1982 with Patti receiving custody of their two sons.[1] There were several subsequent visits to court for contempt citations against David for provisions he violated under the divorce decree. However, an order was entered on March 20, 1984, which stated that the latest petition brought by Patti was dismissed as David gave Patti $2500. The initial complaint included issues with past child support, medical reimbursement for the children and a truck. The order held that the “past arrearage” was purged by the payment and all matters were considered.
¶ 4. The court ruled that no information prior to March 1984 would be heard in light of the order of dismissal of the 1984 contempt complaint. The court also listened to contradicting testimony as to the payments of child support. Neither David nor Patti Fuhr were able to produce much documented evidence showing payments or non-payments. There was documentation *1239 once held by Mississippi Department of Human Services (DHS) as to when and what was paid but that was destroyed in 1995. The only evidence of payment or nonpayment presented by either party was in the form of their conflicting affidavits.
STANDARD OF REVIEW
¶ 5. This Court is prohibited from replacing the lower court’s opinion with our own when determining the weight of the credible evidence because we are limited to search for an abuse of the chancellor’s discretion. Smith v. Jones, 654 So.2d 480, 485 (Miss.1995). We sit in review of the case before us with only a printed record to document the hearings. The chancellor viewed the case first-hand and his findings are given substantial deference since he sat as finder of fact in this matter. Ferguson v. Ferguson, 782 So.2d 181, 183(¶ 10) (Miss.Ct.App.2001). The chancellor may assign whatever weight and/or worth to testimony as he is able to assess the credibility of witnesses by viewing their testimony first hand. Id.
DISCUSSION
¶ 6. The Fuhrs offered conflicting testimony as to the amounts owed in back child support. When the chancellor found in favor of Patti, David asked for a Mississippi Rules of Civil Procedure 52(a) finding of fact and conclusions of law from the judge. The order was handed down in August 2000, but there were no findings of fact or conclusions of law. The order merely awarded Patti $15,820 plus interest on that amount from May 8, 1999. Rule 52(a) provides that a court, at the request of a party, shall furnish a finding of the facts and state separately its conclusions of law.
¶ 7. In cases with disputed facts and when determinations of witness credibility are to be made, findings of fact and conclusions of law should be laid out in the final judgment of the court. Patout v. Patout, 733 So.2d 770, 772(¶16) (Miss.1999). The chancellor should have made specific findings of fact and conclusions of law regarding the arrearage owed by David and the calculation of the interest applied.
¶ 8. In addition, David is particularly displeased with the computation method utilized by the court. He is correct in his contention that the Brand method of calculating interest on past due child support should have been used. Brand v. Brand, 482 So.2d 236, 238 (Miss.1986). Child support payments made after a previously unpaid payment “should first be applied to aggregate interest at the legal rate accrued on such payments at the date of payment.”[2] Each payment made after the overdue payment’s due date has passed is to be used to extinguish the interest and then the principal on that overdue payment. Should any money remain it will then be applied to the next overdue payment and interest in order. Id. Each unpaid month of child support is viewed as its own little judgment against the responsible party. “A judgment, by law, accrues interest from the time it is entered.” Dorr v. Dorr, 797 So.2d 1008, 1015 (¶ 22) (Miss.Ct.App.2001).
¶ 9. We were unable to discern what method was used in the chancellor’s initial order, as it does not appear to be that dictated by the Brand decision. It appears, as David asserts, that the trial court accepted the computations offered by Patti without reviewing the accuracy.
¶ 10. However, once the chancellor revisited his order and the record to make his findings of fact and conclusions of law, he understood our concern. On March 12, 2002, he submitted his findings which found that the arrearage as of May 9, *1240 1999, was actually for the amount of $4,035. The total interest, according to the chancellor, using the Brand, method of computation is $4,916.82 bringing the total amount to $8,951.82 with interest accruing at 8% per annum.
¶ 11. Finding the chancellor’s revised ruling to be in order, we affirm.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF ITAWAMBA COUNTY PER THE MARCH 12, 2002, FINDINGS OF FACT AND CONCLUSIONS OF LAW IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ„ CONCUR.

. At the time of trial, their eldest son was twenty-three years old and their youngest son, nineteen, was deemed emancipated because of his dropping out of college and joining the armed forces.

. Rate of interest on such payments is 8% per annum.