758 So.2d 443 (2000)
Shelia D. JOHNSTON, Appellant,
v.
Robert D. PARHAM, Appellee.
No. 98-CA-00067-COA.
Court of Appeals of Mississippi.
February 8, 2000.
*444 T.K. Moffett, George S. Whitten, Jr., Tupelo, Attorneys for Appellant.
Jak McGee Smith, Tupelo, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is on appeal from the judgment of the Monroe County Chancery Court in an action seeking back payment of child support and expenses and attorney fees related to the litigation. Feeling aggrieved, Shelia perfected this appeal, raising the following three issues for our review

I. WHETHER THE CHANCELLOR APPLIED AN ERRONEOUS LEGAL STANDARD AND COMMITTED MANIFEST ERROR IN ALLOWING CREDIT TO DANNY FOR MONEY *445 NOT PAID DIRECTLY TO THE CHILD'S LEGAL CUSTODIAN? II. WHETHER THE CHANCELLOR ERRED IN CREDITING DANNY WITH GRANDPARENTS'S PURCHASES FOR THE CHILD AND MONEY GIVEN TO THE CHILD? III. WHETHER THE CHANCELLOR ABUSED HIS DISCRETION IN FAILING TO ASSESS AGAINST DANNY THE LOST WAGES AND ATTORNEY'S FEES FRUITLESSLY INCURRED BY SHELIA WHEN DANNY FAILED TO APPEAR AT A HEARING OF WHICH HE HAD NOTICE?
Finding Shelia's assignments of error to be without merit, we affirm the chancellor's decision.

FACTS
¶ 2. Shelia and Danny were married in 1978 and divorced on the grounds of irreconcilable differences in 1985. The marriage produced one child. On the divorce, Shelia was awarded full custody of the minor child, and Danny was ordered to pay child support as follows: $30 per week for one year; $40 per week for two years; and $50 per week thereafter. Danny was disabled in a work-related accident shortly after the divorce became final. He received a disability benefit, and the child was given a benefit as well.
¶ 3. In 1991, conflicts arose regarding visitation which were resolved by agreement between the parties as evidenced by an order entered in this matter. Apparently, Shelia had also filed a contempt petition for non-support against Danny in 1992, though no disposition is found in the court papers. In 1996, the Mississippi Department of Human Services filed a contempt petition against Danny for non-support, alleging arrearage of $21,480. Danny counterclaimed seeking a change of custody and a termination of child support. Shelia then joined DHS's motion by filing her motion for contempt against Danny for his failure to pay child support and medical expenses of the child. Shelia also sought an increase in child support. Early in the process, Danny withdrew his counter complaint. After a hearing, the chancellor determined that Danny was in arrears $4,967.91. Feeling aggrieved, Shelia perfected this appeal. The Department of Human Services did not prosecute an appeal.

STANDARD OF REVIEW
¶ 4. The standard of review employed by this Court in domestic relations cases is well-settled in Mississippi jurisprudence. Chancellors are vested with broad discretion, and this Court will not disturb the chancellor's findings unless the court's actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Brawley v. Brawley, 734 So.2d 237(¶ 9) (Miss.Ct.App.1999) (citing Andrews v. Williams, 723 So.2d 1175(¶ 7) (Miss.Ct. App.1998)) (other citations omitted). This principle is especially true with regard to divorce and child support. Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989).
ANALYSIS AND DISCUSSION
I. WHETHER THE CHANCELLOR APPLIED AND ERRONEOUS LEGAL STANDARD AND COMMITTED MANIFEST ERROR IN ALLOWING CREDIT TO DANNY FOR MONEYS NOT PAID DIRECTLY TO THE CHILD'S LEGAL CUSTODIAN?
II. WHETHER THE CHANCELLOR ERRED IN CREDITING DANNY WITH GRANDPARENTS'S PURCHASES FOR THE CHILD AND MONEY GIVEN TO THE CHILD?
¶ 5. Shelia's first assignment of error alleges that the chancellor erred in substituting for back child support and crediting against Danny's arrearage goods provided for the child as well as cash payments given directly to the child that were not given directly to her. We are unmoved by this argument. The amount *446 of arrearage in child support is a question of fact and is subject to our limited standard of review. Crow v. Crow, 622 So.2d 1226, 1231 (Miss.1993). Moreover, Mississippi law permits a non-custodial parent to "receive credit for having paid child support where, in fact, he paid the support directly to or for the benefit of the child, where to hold otherwise would unjustly enrich the mother." Id. (citing Alexander v. Alexander, 494 So.2d 365, 368 (Miss. 1986)).
¶ 6. The chancellor heard testimony from both Shelia and Danny, as well as others involved in the care and support of the children and reviewed voluminous documentary evidence. Our review of this testimony and these records leads us to conclude that the chancellor had substantial and credible evidence on which to base his decision. Given our limited standard of review, we decline to disturb the chancellor's findings.
¶ 7. Shelia next attacks the chancellor's crediting Danny against his arrearage for money and goods provided for the minor child's benefit by the paternal grandparents. Relying on Mizell v. Mizell, 708 So.2d 55 (Miss.1998), Shelia contends that a non-custodial parent's child support obligations should not be off-set by payments made from grandparents. However, we do not read Mizell as broadly as does Shelia. Rather, Mizell was fact specific and dissimilar to the facts of the case sub judice. In Mizell, child support was paid to the minor child out of a joint depository account held in the name of the minor child and the paternal grandfather. Mizell, 708 So.2d at 60. The joint nature of the account allowed the minor child equal access to the funds. Furthermore, the child's father readily acknowledged not having made child support payments. Id. Here, Danny asserts, and the chancellor found, that Danny had made child support payments. Further, the money paid in child support by the paternal grandmother for the child were not out of any jointly held accounts to which the minor child would otherwise be entitled. Contrary to Shelia's proposed interpretation of Mizell, we believe that the Mizell court had a more narrow prohibition on off-sets in mind. This argument is without merit.

III. WHETHER THE CHANCELLOR ABUSED HIS DISCRETION IN FAILING TO ASSESS AGAINST DANNY THE LOST WAGES AND ATTORNEY'S FEES FRUITLESSLY INCURRED BY SHELIA WHEN DANNY FAILED TO APPEAR AT A HEARING OF WHICH HE HAD NOTICE?
¶ 8. Finally, Shelia argues that she is entitled to attorney fees, lost wages, and expenses arising from a hearing in this matter which Danny did not attend. The record reflects that Shelia sought other fees as well, but does not challenge the chancellor's denial of the other fees and expenses. As with the greater majority of domestic matters, an award of attorney's fees is largely left to the seasoned discretion of our chancery judges. Andrews v. Williams, 723 So.2d 1175 (¶ 21) (Miss.Ct. App.1998) (citing McKee v. McKee, 418 So.2d 764, 767 (Miss.1982); Walters v. Walters, 383 So.2d 827, 828 (Miss.1980)). Though our learned chancellors are given much discretion in this regard, this discretion is guided by several factors: a consideration of the ability of a party to pay the fee, the skill and reputation of the attorney employed, the complexity of the case and the degree of responsibility involved in management of the case, the amount of time and labor required, the customary charge for similar services in the community, and the preclusion of other employment by the attorney due to the acceptance of the case are relevant factors to consider. Id.
¶ 9. In the case sub judice, while Shelia provided testimony about the amount of fees she incurred as a result of Danny's having missed the hearing in question and she asserted an inability to pay, the chancellor denied her request. Given our limited standard of review and the fact that *447 Shelia does not challenge the denial of other fees she incurred as a result of these proceedings, we affirm the chancellor's decision.
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF MONORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.