897 So.2d 202 (2005)
Mary Catherine Gilley BAIER, Appellant,
v.
David Michael BAIER, Appellee.
No. 2003-CA-01274-COA.
Court of Appeals of Mississippi.
March 22, 2005.
H.R. Garner, attorney for appellant.
David Michael Baier, Appellee, pro se.
EN BANC.
*203 CHANDLER, J., for the Court.
¶ 1. The appellant's motion for rehearing is granted. The original opinion is withdrawn and this opinion is substituted therefor.
¶ 2. Mary Catherine Baier filed a complaint for divorce on November 26, 2001, in the Chancery Court of DeSoto County, Mississippi, on the grounds of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. On December 10, 2001, an order was filed directing David Michael Baier to pay partial support for his wife and children. At the hearing for temporary support held on January 7, 2002, Mary was awarded custody of the parties' two minor children and she was to receive an amount of temporary support of $1,800 each month until the final judgment of divorce. David was to maintain health insurance on his wife and children, and pay drug and optical bills.
¶ 3. Mary filed four complaints for contempt against David for failure to maintain his support payments. A hearing was held on each with the chancellor ruling the amount in arrearage David was to pay. Also, David, representing himself pro se, failed to meet discovery deadlines requiring several continuances and creating delays. Trial was held on January 15, 2003, with a final judgment of divorce being entered on April 11, 2003.

STATEMENT OF THE ISSUES
I. DID THE CHANCELLOR ERR IN FORGIVING PAST DUE SUPPORT OBLIGATIONS OWED BY MICHAEL TO MARY?
II. DID THE CHANCELLOR ERR IN ORDERING MARY TO PAY ONE THIRD OF ALL COLLEGE EXPENSES FOR THEIR CHILDREN?

FACTS
¶ 4. David and Mary were married on April 14, 1979, in Fort Worth, Texas. They have three children Michael, twenty-one, and twins Courtney and Catherine, nineteen. David is a pharmacist. Mary suffers from diabetes, hypertension, allergies, adult onset seizures and "female problems" all of which requires medical treatment. The parties resided in DeSoto County at the time they filed for divorce. In her complaint for divorce Mary requested a divorce on the grounds of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. She also requested lump sum, rehabilitative and permanent alimony along with care, custody and control of the parties' minor children with appropriate child support.
¶ 5. Mary filed for a temporary restraining order along with her motion for temporary child support and maintenance. The hearing on this matter was continued but Mary was temporarily awarded custody of the children and David was ordered to pay $800 in emergency support. At the hearing on January 7, 2002, David represented himself pro se; temporary custody was given to Mary with temporary support set at $1,800 per month. David was to maintain other ordinary expenses for the children and his wife such as health insurance, dental and optical bills and any necessary medication. David was also prevented from altering his life insurance beneficiaries and his pension accounts or any other marital assets.
¶ 6. As of April 5, 2002, David had failed to comply with discovery and had failed to maintain his support payments. Mary filed her first complaint of contempt against him. Specifically, David had missed one month's payment and failed to pay medical bills. On April 9, one of the parties' children wrote the chancellor and requested to be placed in the custody of a third party because her mother did not use *204 the money to support the children and showed preferential treatment to her sister. On June 24, David had an attorney of record file with the court and soon thereafter answered the complaint for divorce and complied with Mary's discovery requests.
¶ 7. On July 8, Mary filed a second complaint of contempt against David for failure to maintain his support obligations. At the hearing on this matter, July 22, the court found David $4,800 in arrearage and ordered him to pay this amount and certain medical bills and expenses by July 25. A third complaint of contempt was filed on September 11, 2002, and the fourth was filed on October 18, 2002. The hearing on this matter was held on December 9, and David was ordered to pay Mary $3,000. At the trial on January 15, 2003, Mary claimed the total amount in arrearage owed to her was $12,242.86.
¶ 8. David testified that he did owe payments of $1,800 for the two months prior to the trial but was unable to pay them due to the court ordered payment in early December. He also stated that he paid additional money each month to the children because they would call and ask for money for tuition, lunch and other needs because Mary was not using the money he sent for the needs of the children. The chancellor took the testimony and exhibits offered under advisement and entered the judgment of divorce while court was in vacation.

ANALYSIS
¶ 9. The standard of review is well settled in that the chancellor's findings will not be disturbed when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995).

I. DID THE CHANCELLOR ERR IN FORGIVING PAST DUE SUPPORT OBLIGATIONS OWED BY MICHAEL TO MARY?
¶ 10. In this claim of error Mary asserts the chancellor erred as a matter of law in forgiving $12,242.86, in court ordered support. David testified that he did not pay the full amount he owed to Mary because he believed she was not using the money for the benefit of the children. Instead, he paid for their school activities, lunch money and essentials like gas and personal care items Mary was not providing. Mary testified that she was unable to pay for those expenses because David did not pay the court ordered support to her in a timely fashion. The chancellor found David met his family obligations as best as he could through extra child support given directly to his children.
¶ 11. The amount of arrearage in child support is a question of fact and is subject to our limited standard of review. Crow v. Crow, 622 So.2d 1226, 1231 (Miss.1993). Moreover, Mississippi law permits a non-custodial parent to "receive credit for having paid child support where, in fact, he paid the support directly to or for the benefit of the child, where to hold otherwise would unjustly enrich the mother." Id. (citing Alexander v. Alexander, 494 So.2d 365, 368 (Miss.1986)); Johnston v. Parham, 758 So.2d 443, 445(¶ 5) (Miss.Ct.App.2000). This Court allows a father to be credited for support given directly to the children rather than through the wife.
¶ 12. David claims to have helped his children with many expenses, such as fees for ACT exams, books for their oldest son Michael and tuition. The parties' daughter Catherine is actively involved in her school's volleyball team. David testified that he paid for a number of volleyball-related expenses at Olive Branch High School and travel expenses for Catherine's *205 tournament games. He has given his children money for food because he claims Mary refused to feed the children. Each time David paid money for his children's expenses, he recorded these expenses in a receipt book. At the time of the trial, these expenses totaled $6,000.
¶ 13. This case differs slightly from Alexander and Johnston. In Alexander the children had moved back in with the father when he stopped paying child support and in Johnston the father offered extensive evidentiary proof of the amounts he paid directly to his children. In the case at bar, David did not have custody of the children either in fact or legally and he offered no evidence of the amounts he paid directly to his children other than his testimony. David did not present the receipt book into evidence, nor did he present cancelled checks, corroborating witnesses, or evidence of any kind other than his own testimony. Although a parent is entitled to receive child support credit for expenses he paid directly to a child, the evidence must be clear and convincing. Lahmann v. Hallmon, 722 So.2d 614, 620(¶ 19) (Miss.1998). David has not met this threshold.
¶ 14. This Court has stated that once child support payments become past due they become vested and cannot be modified. Thurman v. Thurman, 559 So.2d 1014, 1016 (Miss.1990); Brand v. Brand, 482 So.2d 236, 237 (Miss.1986). In Thurman and Brand, the child support payments past due were the result of a divorce decree. The payments due from David in the case at bar differ from the payments due in Thurman in that they were temporary, not resulting from a final judgment of divorce and were for child support and marital support obligations. David's obligations, nevertheless, cannot be discharged. In Lewis v. Lewis, 586 So.2d 740 (Miss.1991), the supreme court held that a final divorce decree cannot relieve an ex-husband of his obligation to pay temporary alimony and medical bills. The court stated:
[A]n obligation owed by one spouse to the other becomes fixed and vested when due and unpaid. This obligation will not be discharged or amended in an agreement between the parties unless it is explicitly plead [sic] before an informed court. To amend a prior decree, even a temporary one, the parties hereafter should recite the change and present the same to the Court, otherwise we are in the inexplicable position of having an order of the Court changed by the parties without consideration for or by the Court.
Id. at 743. We reverse and render the chancellor's judgment forgiving David's child support arrearages and order David to pay $12, 242.86.

II. DID THE CHANCELLOR ERR IN ORDERING MARY TO PAY ONE THIRD OF ALL COLLEGE EXPENSES FOR THEIR CHILDREN?
¶ 15. The chancellor ordered Mary to pay one third of the college expenses for the parties' three children. The chancellor considered all the financial evidence presented by David and Mary and obviously believed Mary had the financial ability to contribute this percentage. Mary claims she lacks the ability to pay this due to her medical condition, lack of job skills and educational history. Mary reminds this Court that David is a pharmacist who consistently earns more than $100,000 per year. Mary, on the other hand, earns $9.10 per hour and works three days a week as a part-time secretary. She testified that she earns approximately $890 per month. She has only a high school education, has a limited employment history because David did not want her to work during the marriage, and suffers from diabetes, *206 hypertension, allergies, adult onset seizures and "female problems." She believes her limited earning capacity should require David to pay for the entirety of their children's education expenses.
¶ 16. It is settled that a chancery court may adjudge that one or both parents provide the means for a college education for their children. Pass v. Pass, 238 Miss. 449, 458, 118 So.2d 769, 773 (1960). When the father's financial ability is ample to provide a college education and the child shows an aptitude for such, the court may in its discretion, after hearing, require the father to provide such education. The parental duty to send a child to college is not absolute, however, but is dependent upon the proof and the circumstances of each case. Hambrick v. Prestwood, 382 So.2d 474, 477 (Miss.1980).
¶ 17. The other cases involved a father who contested the trial court's order to pay for a child's college education. In this case, it is the children's mother who is contesting having to pay college expenses. This Court will apply a gender neutral application of the holdings of Pass and Hambrick. The chancellor considered the mother financially able to pay a portion of their children's college expenses, and this finding was supported by the evidence. In addition to the money Mary makes from her job, her father purchased a house for her and gave her a vehicle to drive, thus lowering her monthly expenses. When the chancellor divided the marital property, he ordered David to pay all marital debts and allowed Mary to retain all marital property except David's stock options and the furniture and appliances in his possession. The chancellor also awarded alimony to Mary in the amount of $1,000 per month. On these facts, the chancellor was within his discretion in holding that Mary has the financial resources to pay for one-third of her children's college expenses.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. COSTS OF THIS APPEAL ARE ASSESSED IN EQUAL PARTS TO THE APPELLANT AND THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.