ON WRIT OF CERTIORARI

RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Yvonne Lovett was employed as a security guard for Delta Regional Medical *89 Center. While on duty, Lovett slipped and fell. .As a result of her fall, Lovett experienced injuries to her back and to her right knee. Months after returning to work at Delta, Lovett experienced dizziness and weakness and sought treatment. Subsequently, Lovett was diagnosed as having suffered a transient ischemic attack, commonly referred to as a mini-stroke.
¶ 2. Delta covered the costs of Lovett’s related medical treatments and paid her disability benefits during the time in which she could not work. Lovett was assigned a date of maximum medical improvement, and she was assigned a five percent impairment to her body as a whole resulting from her back injury and a two percent impairment to her lower right extremity resulting from her knee injury.
¶ 3. Lovett filed two ¿workers’ compensation claims based on the two events, which were consolidated. After receiving stipulations and conducting a hearing on the matter, the administrative judge found that as a consequence of the slip-and-fall injury, Lovett had a thirty percent loss of wage-earning capacity, but that the mini-stroke claim was noncompensable. The administrative judge found certain subsequent medical expenses were not related to her employment and would not be covered. Both parties sought review by the Mississippi Workers’ Compensation Commission (“the Commission”).
¶4. The Commission affirmed in part and reversed in part, finding that there was not substantial evidence to support a thirty percent loss of wage-earning capacity, thus denying her permanent disability benefits, and that Delta would not be held responsible for the payment of Lovett’s treatment with two doctors who were outside the “requisite chain of referral.” The Commission affirmed the judgment of administrative judge on all other issues.
¶ 5. The Mississippi Court of Appeals affirmed the Commission’s judgment. Lovett v. Delta Regional Med. Ctr., 2013-WC-00410-COA, 157 So.3d 90, 94-95, 2014 WL 1687925, *4 (Miss.Ct.App. Apr. 29, 2014). This Court granted Lovett’s petition for writ of certiorari. She raised the following three issues:
I. Whether Lovett is absolutely entitled to a two percent disability to her right lower extremity for her knee injury.
II. Whether the Commission was arbitrary and capricious by reversing the administrative judge’s finding that she suffered a thirty percent loss of wage-earning capacity for her back injury.
III. Whether Dr. Jenkins’s treatment was in the chain of referral.
¶ 6. Because we find that substantial evidence supports the Commission’s finding that Lovett did not receive a thirty percent loss of wage-earning capacity, we affirm in part. Since the administrative judge found that Lovett had suffered a thirty percent industrial loss, which was greater than the two percent functional loss, a separate award was not made.. {See ¶ 8, infra). However,- when the Commission reversed the administrative judge’s finding, it failed to then consider Lovett’s functional loss. Lovett raises Issue III for the first time in her petition for certiorari review, thus the issue is waived and may not be considered by this Court. See Moreno v. State, 79 So.3d 508, 509 (Miss.2012).
STANDARD OF REVIEW
¶ 7. The Commission’s decision will be reversed only if it is not supported by “substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.” Weatherspoon v. *90 Croft Metals, Inc., 853 So.2d 776, 778 (Miss.2003) (citation omitted).
ANALYSIS
¶ 8. Workers’ losses are divided into two types: (1) industrial or occupational; and (2) functional or medical. Meridian Prof'l Baseball Club v. Jensen, 828 So.2d 740, 745 (Miss.2002) (quoting Smith v. Jackson Constr. Co., 607 So.2d 1119, 1126 (Miss.1992)). Industrial or occupational loss determinations consider, inter alia, whether a loss of wage-earning capacity has occurred. A functional or medical loss determination disregards loss of wage-earning capacity and does not require evidence of “loss of ability to work.” Id. If the industrial loss is greater than the functional loss, then the worker is awarded the greater of the two. Jensen, 828 So.2d at 745. When medical or functional loss to a scheduled member occurs, the “worker is always entitled to compensation.” City of Laurel v. Guy, 58 So.3d 1223, 1226 (Miss.Ct.App.2011) (citing Jensen, 828 So.2d at 745-46 (¶¶ 13-14)).
¶ 9. It is uncontradicted that Lovett was assigned a two percent impairment to her lower right extremity. Therefore, Lo-vett is entitled to receive permanent partial disability for the two percent impairment to a scheduled member, i.e., her right lower extremity, in accordance with Mississippi Code Section 71-3-17(c). Miss.Code Ann. § 71-3-17(c) (Supp.2014).
CONCLUSION
¶ 10. We affirm the decisions reached by the Court of Appeals and the Mississippi Workers’ Compensation Commission. However, we remand this case to the Mississippi Workers’ Compensation Commission for entry of a judgment on Issue I, awarding Lovett a two percent disability to her right lower extremity, which the Commission failed to address.
¶ 11. AFFIRMED IN PART AND REMANDED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.