# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CT-00401-SCT

*BOBBIE YOUNG, ON BEHALF OF THE HEIRS*
*OF DANIEL LEE TEWKSBURY, DECEASED*

*v.*

*AIR MASTERS MECHANICAL INC. AND*
*ASSOCIATED GENERAL CONTRACTORS OF*
*MISSISSIPPI INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/15/2018 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | JOHN HUNTER STEVENS |
| ATTORNEYS FOR APPELLEES: | ROGER C. RIDDICK CATHERINE BRYANT BELL |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION IS REINSTATED AND AFFIRMED - 04/30/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.   This appeal considers whether death benefits are payable under the Workers'

Compensation Act, Mississippi Code Section 71-3-129 (Rev. 2011).

## FACTS AND PROCEDURAL HISTORY

¶2.   Daniel Tewksbury and Bobbie Young were previously married and were the parents

of two minor children, Lane and Emma. They divorced in May 2006, and Daniel was ordered to pay child support. Daniel stopped making child-support payments in 2008.

¶3.    Bobbie later married Gerald Allen Young, Jr. Gerald filed a petition to adopt Lane and Emma.  In the adoption, Daniel's parental rights were terminated.  As of the termination of his parental rights, Daniel owed Bobbie $34,759 for child support.  On August 13, 2013, Gerald adopted Lane and Emma, and their surnames were changed to Young.

¶4.    On April 5, 2015, Daniel died in an automobile accident.  The accident occurred while Daniel was in the course and scope of his employment with Air Masters. Bobbie then filed a petition with the Workers' Compensation Commission on behalf of Lane and Emma. Bobbie claimed that Lane and Emma were entitled to Daniel's workers' compensation death-benefit proceeds and sought the payment of the $34,759 in outstanding child support.

¶5.    The Workers' Compensation Commission Administrative Judge (AJ) determined that the question was whether the child-support lien should be paid from Daniel's death-benefit proceeds due under the workers' compensation statute. The AJ held that the child-support lien of $34,759 was valid and payable under Section 71-3-129.

¶6.    Air Masters and Associated General Contractors filed a petition for review with the Commission. The Commission concluded that Lane and Emma were not entitled to Daniel's death benefits because they were not his statutory dependents under Mississippi Code Section 71-3-25 (Supp. 2019).  The Commission reversed the AJ's order and dismissed Bobbie's petition.

¶7.    On appeal, a divided Court of Appeals reversed the Commission's decision,

2

concluding that the child-support lien was valid under Section 71-3-129. *Young v. Air Masters Mech. Inc.*, No. 2018-WC-00401-COA, 2019 WL 1615689, at *2 (Miss. Ct. App. Apr. 16, 2019). The court further ruled that the Commission was without authority to discharge a lien for delinquent child support filed under Section 71-3-129. *Id.* at *3. The court reasoned that the child-support payments were vested and that the adoption did not preclude Bobbie's ability to execute on the lien. *Id.* The court remanded the case to the Commission "to determine whether a valid child-support lien is a benefit payable under the death benefits statute." *Id.*

¶8. Air Masters and Associated General Contractors timely filed a petition for writ of certiorari, which this Court granted.

## STANDARD OF REVIEW

¶9. It is well established law in Mississippi that "the Commission is the ultimate finder of fact in workers' compensation cases, and where substantial credible evidence supports the Commission's decision, then, absent an error of law, the decision must stand without judicial interference." *Logan v. Klaussner Furniture Corp.*, 238 So. 3d 1134, 1138 (Miss. 2018) (citing *Smith v. Jackson Constr. Co.*, 607 So. 2d 1119, 1124 (Miss. 1992)). "In other words, the 'Commission's findings of fact are entitled to substantial deference when challenged on appeal to the judiciary.'" *Id.* (quoting *Raytheon Aerospace Support Servs. v. Miller*, 861 So. 2d 330, 335 (Miss. 2003)). "The Commission's decision will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Id.* (internal quotation marks omitted) (quoting *Lovett v. Delta*

3

*Reg'l Med. Ctr.*, 157 So. 3d 88, 89 (Miss. 2015)).

## DISCUSSION

¶10.    This case considers the statutory obligation to pay death benefits because of Daniel's death.  Mississippi Code Section 71-3-25 (Supp. 2019), titled "Compensation for death," authorizes the payment of death benefits:

> If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following:
>
> (a) An immediate lump-sum payment of One Thousand Dollars ($1,000.00) to the surviving spouse, in addition to other compensation benefits.
>
> (b) Reasonable funeral expenses not exceeding Five Thousand Dollars ($5,000.00) exclusive of other burial insurance or benefits.
>
> (c) If there be a surviving spouse and no child of the deceased, to such surviving spouse thirty-five percent (35%) of the average wages of the deceased during widowhood or dependent widowhood and, if there be a surviving child or children of the deceased, the additional amount of ten percent (10%) of such wages for each such child. In case of the death or remarriage of such surviving spouse, any surviving child of the deceased employee shall have his compensation increased to fifteen percent (15%) of such wages, provided that the total amount payable shall in no case exceed sixty-six and two-thirds percent (66-2/3%) of such wages, subject to the maximum limitations as to weekly benefits as set up in this chapter. The commission may, in its discretion, require the appointment of a guardian for the purpose of receiving the compensation of a minor dependent. In the absence of such a requirement, the appointment of a guardian for such purposes shall not be necessary, provided that if no legal guardian be appointed, payment to the natural guardian shall be sufficient.
>
> (d) If there be a surviving child or children of the deceased but no surviving spouse, then for the support of each such child twenty-five percent (25%) of the wages of the deceased, provided that the aggregate shall in no case exceed sixty-six and two-thirds percent (66-2/3%) of such wages, subject to the maximum limitations as to weekly benefits as set up in this chapter.

4

(e) If there be no surviving spouse or child, or if the amount payable to a surviving spouse and to children shall be less in the aggregate than sixty-six and two-thirds percent (66-2/3%) of the average wages of the deceased, subject to the maximum limitations as to weekly benefits as set up in this chapter, then for the support of grandchildren or brothers and sisters, if dependent upon the deceased at the time of the injury, fifteen percent (15%) of such wages for the support of each such person; and for the support of each parent or grandparent of the deceased, if dependent upon him at the time of injury, fifteen percent (15%) of such wages during such dependency. But in no case shall the aggregate amount payable under this subsection exceed the difference between sixty-six and two-thirds percent (66-2/3%) of such wages and the amount payable as hereinbefore provided to surviving spouse and for the support of surviving child or children, subject to the maximum limitations as to weekly benefits as set up in this chapter.

(f) The total weekly compensation payments to any or all beneficiaries in death cases shall not exceed the weekly benefits as set up in this chapter and shall in no case be paid for a longer period than four hundred fifty (450) weeks or for a greater amount than the multiple of four hundred fifty (450) weeks times sixty-six and two-thirds percent (66-2/3%) of the average weekly wage for the state.

(g) All questions of dependency shall be determined as of the time of the injury. A surviving spouse, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependence as the facts may warrant.

Thus, death benefits are payable only to specified persons, such as a surviving spouse, child or children, and other persons dependent on the deceased employee at the time of the injury that resulted in death. Miss. Code Ann. § 71-3-25.

¶11.	At the time of the injury that resulted in his death, Daniel had no dependents and left no statutory dependents.  Therefore, other than funeral expenses, no death benefits are payable.  Miss. Code Ann. § 71-3-25; *Dependents of Nosser v. Natchez Jitney Jungle, Inc.*, 511 So. 2d 141, 143 (Miss. 1987).  This Court has held that an employee's natural child is no longer considered a dependent of the employee entitled to receive death benefits under

5

the Workers' Compensation Act once the child has been adopted and the employee's parental rights and obligations to that natural child have been terminated. ***W.R. Fairchild Constr. Co. v. Owens***, 224 So. 2d 571, 575 (Miss. 1969). The termination of all parental rights includes the termination of the presumption of a child's dependency under the Workers' Compensation Act. ***Id.***

¶12. If there are no statutory death benefits to be paid, there are no benefits to which the $34,759 child-support lien can attach.

¶13. The claimants argue that the child-support should be paid under the authority of Section 71-3-129, which provides, in relevant part,

> (1) The Mississippi Department of Human Services, Division of Child Support Enforcement (the department) or *the obligee may cause a lien for unpaid and delinquent child or spousal support to be placed upon any workers' compensation benefits payable to an obligor delinquent in child support* or spousal support payments where a minor child is living with such spouse and such maintenance or spousal support is collected in conjunction with child support.
>
> (2) The lien shall be effective upon notice being filed with the Executive Director of the Mississippi Workers' Compensation Commission. The notice shall contain the name and address of the delinquent obligor, the Social Security number of the obligor, if known, the name of the obligee, and the amount of delinquent child or spousal support.
>
> (3) Any person(s), firm(s), corporation(s), including an insurance carrier, making any payment of workers' compensation benefits to such obligor or to his attorney(s), heir(s) or legal representative(s), after receipt of such notice, if support has been assigned to the department pursuant to Section 43-19-31, Mississippi Code of 1972, shall be liable to the obligee. In such event, the lien may be enforced by the department against any person(s), firm(s), corporation(s) making the workers' compensation benefit payment.

Miss. Code Ann. § 71-3-129(1)-(3) (Rev. 2011) (emphasis added).

¶14. Section 71-3-129(1) provides that the lien only applies to benefits "payable to an obligor delinquent in child support . . . ." Miss. Code Ann. § 71-3-129(1). Said differently, the lien only applies to benefits payable to a delinquent employee. The lien cannot apply to death benefits, because death benefits are not payable to the employee. Miss. Code Ann. § 71-3-25. Because death benefits are not "payable to an obligor delinquent in child support," the child-support lien under Section 71-3-129 does not apply.

¶15. The dissent argues that we do not need to "delv[e] into the complicated question of whether the child-support lien statute allows a lien against death benefits payable to the decedent's statutory dependents." Diss. Op. ¶ 21. But it was this question that the Commission and the Court of Appeals addressed and determined. The Commission found that no death benefits were owed which would be subject to the lien. *Young*, 2019 WL 1615689, at *2. The Court of Appeals disagreed and found that the child support lien was "valid under our workers' compensation statutes" and that "the minor children's adoption d[id] not impact [Bobbie]'s ability to execute on her lien under Section 71-3-129." *Id.* at *2. We reject the Court of Appeals' reasoning because workers' compensation statutory death benefits are not "payable to the obligor" and the child-support lien under Section 71-3-129 is inapplicable. As a result, the child-support lien cannot be paid from Daniel's death benefits.

## CONCLUSION

¶16. Section 71-3-129 does not authorize a lien on death benefits payable directly to the deceased employee's statutory dependents. Accordingly, the child-support lien does not

7

apply to Daniel's death benefits. Further, because Daniel has no statutory dependents, there are simply no benefits to which the lien can attach in this case. As a result, the Commission properly dismissed the claim.

¶17. The judgment of the Court of Appeals is reversed. The judgment of the Mississippi Workers' Compensation Commission is reinstated and affirmed.

¶18. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION IS REINSTATED AND AFFIRMED.**

**RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶19. Following the work-related death of Daniel Tewksbury, Bobbie Young, the mother of his children, filed a petition with the Workers' Compensation Commission requesting $34,759 in unpaid child support. Although Tewksbury's children, Lane and Emma, had been adopted, the child support debt had accrued before their adoption. The administrative law judge found that a child support lien in the amount of $34,759 existed against death benefits. The Commission reversed, finding that, after their adoption, Lane and Emma had ceased to be Tewksbury's dependents and were ineligible for death benefits.

¶20. According to Mississippi Code Section 71-3-129(1), "the obligee may cause a lien for unpaid and delinquent child support to be placed upon any workers' compensation benefits payable to an obligor delinquent in child support . . . ." Miss. Code Ann. § 71-3-129(1) (Rev. 2011). The majority finds that Tewksbury's children cannot recover the unpaid

8

child support under Section 71-3-129(1) because, upon Tewksbury's death, workers' compensation benefits were not payable to Tewksbury, the "obligor delinquent in child support," but instead were payable to his dependents. The majority also finds that Tewksbury's children are not entitled to a child support lien against his death benefits because, after their adoption, the children no longer qualified as his dependents. The Court of Appeals majority and dissenting opinions thoroughly discussed the issue of whether, under the workers' compensation statutes, a child support lien can arise against death benefits. *Young v. Air Masters Mech., Inc.*, No. 2018-WC-00401-COA, 2019 WL 1615689, at *2-3 (Miss. Ct. App. Apr. 16, 2019); *Young*, 2019 WL 1615689, at *3-5 (Wilson, P.J., dissenting). In dissent, Presiding Judge Jack Wilson opined that a lien cannot create benefits not otherwise payable. Because, in this case, the Commission found that no benefits other than funeral expenses were payable to anyone because Tewksbury had no statutory dependents, no funds existed to which a child support lien could have attached.

¶21.    I would hold that this case is easily and appropriately resolved in favor of the children without delving into the complicated question of whether the child support lien statute allows a lien against death benefits payable to the decedent's statutory dependents. The question of whether death benefits were payable to Young on behalf of the children under Section 71-3-25 squarely was before the Commission as acknowledged in its order and in the order of the administrative law judge. Under the death benefits statute, questions of dependency are determined at the time of the death: "A surviving spouse, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or

partial dependence as the facts may warrant." Miss. Code Ann. § 71-3-25(g) (Supp. 2019). The majority finds that Lane and Emma were not Tewksbury's dependents because they had been adopted. The majority relies on **W.R. Fairchild Construction Co. v. Owens**, 224 So. 2d 571 (Miss. 1969), which held that an adopted child is no longer a dependent of a biological parent and is not entitled to the workers' compensation benefits payable to dependents upon the covered worker's death.

¶22.     But as the Court of Appeals majority astutely recognized, **Fairchild** is distinguishable because it "did not involve a valid lien for child support that accrued *prior to* the adoption." **Young**, 2019 WL 1615689, at *3. Child support is awarded for the child's benefit and protection; it belongs to the child, not the parent, who holds the child support payments as a fiduciary on the child's behalf. **Cumberland v. Cumberland**, 564 So. 2d 839, 847 (Miss. 1990) (citing **Alexander v. Alexander**, 494 So. 2d 365, 368 (Miss. 1986))."[C]hild support payments vest in the child as they accrue." **Tanner v. Roland**, 598 So. 2d 783, 786 (Miss. 1992). Each vested payment "becomes 'a judgment' against the supporting parent." **Id.** (internal quotation marks omitted) (quoting **Brand v. Brand**, 482 So. 2d 236, 237 (Miss. 1986)). Further, unpaid child support "cannot be modified or forgiven by the courts." **Id.** (citing **Varner v. Varner**, 588 So. 2d 428, 432-433 (Miss. 1991)).

¶23.     The adoption of Tewksbury's children did not extinguish their right to the unpaid child support payments. Therefore, at the time of Tewksbury's death, although the children had been adopted, they remained dependent upon their biological father up to and including the sum of $34,759 in unpaid child support. For that reason, I would hold that Young's

petition established that Tewksbury's children were his dependents at the time of his death to the extent that he owed their mother $34,759 for their benefit and protection. I would find that death benefits were payable to them up to $34,759. This accords with Section 71-3-25(g) because, while the children's adoption defeats the presumption of total dependency, the proof of unpaid child support establishes Lane and Emma as their father's partial dependents. Miss. Code Ann. § 71-3-25(g) (providing that "children shall be presumed to be wholly dependent" but that "all other dependents shall be considered on the basis of total or partial dependence as the facts may warrant."). I would remand this case to the Commission for the calculation and distribution of death benefits due to Young on behalf of Lane and Emma consistent with this opinion. Therefore, I respectfully dissent.

**KING, P.J., JOINS THIS OPINION.**