# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CT-00692-SCT

*LAQUON FLUKER a/k/a LAQUON AKEEM*
*FLUKER a/k/a LAQUAN AKEEM FLUKER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/23/2022 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| TRIAL COURT ATTORNEYS: | CRAIG THOMAS ROSE |
| | JAMES LEWIS LANE, JR. |
| | MATTHEW DAVIS SHOEMAKER |
| | LAURA KE'YUANA COOPER |
| | COREY CLAYTON CRANFORD |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | HUNTER N. AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON HORNE |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 09/12/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. Laquon Fluker was convicted of conspiracy to commit aggravated assault. The Court of Appeals affirmed. This Court granted Fluker's petition for writ of certiorari to address the single issue of whether the Court of Appeals erred by affirming the trial court's denial of Fluker's requested lesser-included-offense instruction. We find that Fluker was entitled to

have the jury instructed on the lesser-included offense of conspiracy to commit simple assault. Accordingly, we reverse the judgments of the Court of Appeals and the Forrest County Circuit Court, and we remand the case to the Forrest County Circuit Court for a new trial.

## DISCUSSION

¶2. This Court reviews the trial court's decision on the denial of a lesser-included-offense instruction de novo. *Anderson v. State*, 361 So. 3d 609, 614 (Miss. 2023) (quoting *Gilmore v. State*, 119 So. 3d 278, 286 (Miss. 2013)). When deciding whether a lesser-included-offense instruction should have been granted, this Court takes the evidence "in the light most favorable to the accused" and considers "all reasonable favorable inferences which may be drawn in favor of the accused from the evidence[.]" *Barnes v. State*, 158 So. 3d 1127, 1136 (Miss. 2015) (emphasis omitted) (quoting *Jackson v. State*, 90 So. 3d 597, 605 (Miss. 2012)). "To be entitled to a lesser-included offense instruction, a 'defendant must point to some evidence in the record from which a jury reasonably could find him not guilty of the crime with which he was charged and at the same time find him guilty of a lesser-included offense.'" *Anderson*, 361 So. 3d at 614 (quoting *Gilmore*, 119 So. 3d at 286).

¶3. Fluker was indicted for aggravated assault and conspiracy to commit aggravated assault. The jury found him not guilty of aggravated assault but guilty of conspiracy to commit aggravated assault. At trial, Fluker requested the following lesser-included-offense instruction on conspiracy to commit simple assault:

2

If you find that the State did not prove any one of the elements of Count 2 of the indicted charge of Conspiracy to Commit to Aggravated Assault, then you must find Laquon Fluker not guilty of that crime.

You will then proceed with your deliberations to decide whether the State has proved beyond a reasonable doubt all the elements of the lesser crime of Conspiracy to Commit Simple Assault.

If you find beyond a reasonable doubt from the evidence in this case that:

1.    On or about March 29, 2021, in Forrest County;

2.    Laquon Fluker did willfully, knowingly, intentionally and unlawfully conspired with:

       a. Kenneth Hogan
       b. Tyler Daw
       c. Joseph Reid; AND
       d. Sean Turner

       in that the said Laquon Fluker and the said:

       a. Kenneth Hogan
       b. Tyler Daw
       c. Joseph Reid; AND
       d. Sean Turner

did agree with one another to commit Simple Assault upon James Bryant by causing bodily injury to him then you shall find Laquon Fluker guilty of Simple Assault;

If the State did not prove any one of the above listed elements beyond a reasonable doubt; then you shall find him not guilty of count two; to wit, Conspiracy.

The trial court denied Fluker this instruction. We will not reiterate all the facts of the case, as they are correctly set forth by the Court of Appeals. We will, however, note the relevant evidence that supports the arguments of the parties.

3

¶4.     James Bryant testified that he went into cell Q-6 to talk to Tyler Daw when Fluker and Kenneth Smith entered the cell behind him.  As Bryant turned to leave the cell, he was jumped and stabbed twice, once in the shoulder and once in the arm.  Bryant stated that Fluker stabbed him from behind with a shank and that Smith stabbed him from the front with a shank.  One shank was introduced into evidence, and Bryant testified to its authenticity as the shank with which he was stabbed, but he did not specify whether it was Fluker's or Smith's shank.[1]  Bryant sustained a puncture wound that was treated with Band-Aids, cotton swabs and Ibuprofen.  One deputy testified that the wound was "more or less a small puncture wound or a scrape."

¶5.     At trial, Joseph Reid, Fluker's co-conspirator, testified that James Bryant, the victim, had been in multiple fights and bullied people in their pod so "we came up with the plan just to beat him up. And stabbing, I never knew anything about anybody getting stabbed until the situation was over with."  He stated that the plan was "[j]ust to rough him up really good and make him catch out of our zone."  When asked directly if stabbing was a part of the plan, Reid stated that stabbing was "never discussed" and that he did not know who had done the stabbing.  After being shown the video, Reid was asked if he was surprised that Bryant was stabbed, and Reid said he was not.

---

[1]As an aside, this may be the worst shank in prison history.  The record contains the actual shank, a photograph as well as the following description: "a fork that was shaved down on one end to make it pointed and it's wrapped in cardboard from an item purchased off of canteen and then it's wrapped up with saran wrap."  One investigator described it as "a sharp object which appears to be maybe a toothbrush wrapped in string to prevent it from sliding through your hand."

¶6. The Court of Appeals found that Fluker was not entitled to the lesser-included-offense instruction. *Fluker v. State*, No. 2022-KA-00692-COA, 2024 WL 684830, at *8 (Miss. Ct. App. 2024). It reasoned that "[w]hat the defendants actually did is evidence of what they intended to do" and so when Fluker and his co-conspirators entered the cell with shanks, that was proof that the conspiracy was to commit aggravated assault. *Id.* at *7 (internal quotation marks omitted) (quoting *Griffin v. State*, 480 So. 2d 1124, 1126 (Miss. 1985)). The court considered Reid's testimony that he was not surprised by Bryant's being stabbed and that the jury saw the shank used by Fluker. The court reasoned that because a deadly weapon was used, "Fluker's only real avenue to receiving the lesser-included offense instruction was showing negligence on his part." *Id.* at *8; *see Jackson v. State*, 684 So. 2d 1213, 1230 (Miss. 1996) ("Once a deadly weapon is introduced, the distinction between simple and aggravated assault . . . hinges upon whether the injuries were inflicted negligently or intentionally." (citing *Hutchinson v. State*, 594 So. 2d 17, 20 (Miss. 1992))). Because there was no proof of negligence, the trial court's denial of the instruction was affirmed. *Fluker*, 2024 WL 684830, at *8.

¶7. We disagree. The Court of Appeals used an analysis that distinguishes between simple assault and aggravated assault, not conspiracy. *Id.* (citing *Jackson*, 684 So. 2d at 1230 (discussing a lesser-included-offense instruction for simple assault)). The appropriate conspiracy analysis focuses on the agreement of the parties. And while it is true that "what the defendants actually did is evidence of what they intended to do[,]" that merely goes to the sufficiency of the evidence and not to the question before us: whether Fluker was entitled

to a lesser-included-offense instruction. *Id.* at *7 (internal quotation marks omitted) (quoting *Griffin*, 480 So. 2d at 1126). Based on Reid's testimony, taken in the light most favorable to Fluker, this Court finds that a reasonable jury could have found Fluker not guilty of conspiracy to commit aggravated assault but guilty of the lesser-included offense of conspiracy to commit simple assault. Accordingly, it was reversible error to deny the requested instruction.

¶8.     Simple assault is defined in Mississippi Code Section 97-3-7 (1)(a):

> (1)(a) A person is guilty of simple assault if he or she attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; (ii) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (iii) attempts by physical menace to put another in fear of imminent serious bodily harm[.]

Miss. Code Ann. § 97-3-7(1)(a) (Rev. 2020).

¶9.     "A conspiracy is a separate, complete offense and the crime is completed once the agreement is formed; no further overt act is required to be shown." *State v. Thomas*, 645 So. 2d 931, 933 (Miss. 1994) (citing *Norman v. State*, 381 So. 2d 1024, 1028 (Miss. 1980)). While evidence of what the conspirators allegedly did is relevant, the jury was required to decide what the conspirators agreed upon. "Conspiracy to commit a crime is different from the crime that is the object of the conspiracy[;] the first necessarily involves joint action while the other does not." *Id.* at 933 (citing *Moore v. State*, 290 So. 2d 603 (Miss. 1974)).

¶10.    Reid's testimony alone would support a jury's finding Fluker not guilty of conspiracy to commit aggravated assault but guilty of conspiracy to commit simple assault—an agreement among two or more people to cause bodily injury to Bryant. We again note that

Fluker was found not guilty of aggravated assault. He was only convicted of conspiracy to commit aggravated assault. While conspiracy and aggravated assault are separate and distinct crimes, whether stabbing was a part of the agreed-upon conspiracy is a question for the jury in this case. Reid stated that the agreement was to "beat him up" and "to rough him up really good[.]" He stated that when the conspirators met (for just a few minutes) to decide who would do what, his understanding was that Fluker and Smith were "supposed to have just beat him up." Although Reid's testimony was contradictory, Fluker "is entitled to have instructions on his theory of the case presented, even though the evidence that supports it is weak, inconsistent, or of doubtful credibility." **Barnes**, 158 So. 3d at 1136 (internal quotation mark omitted) (quoting **Banyard v. State**, 47 So. 3d 676, 681 (Miss. 2010)). Here, frankly, the evidence of conspiracy to commit simple assault is not weak, although it was certainly contradicted by Fluker's alleged actions.

¶11. "Where the defendant requests a lesser-included-offense instruction, one factor to be considered is the disparity in maximum punishments between the offenses. A great disparity is a factor in favor of giving the lesser[-]included[-]offense instruction." **Taylor v. State**, 577 So. 2d 381, 384 (Miss. 1991) (citing **Boyd v. State**, 557 So. 2d 1178, 1181 (Miss. 1989)). Because Fluker is a violent habitual offender under Mississippi Code Section 99-19-83 (Rev. 2020), his sentence for the conviction of conspiracy to commit aggravated assault resulted in life imprisonment without possibility of parole. Conspiracy to commit simple assault is a misdemeanor offense that would not trigger Section 99-19-83. Instead, Fluker's sentence would be the maximum for conspiracy to commit simple assault: a fine of not more than five

7

hundred dollars or six month's imprisonment. Miss. Code Ann. § 97-3-7(1)(a) (Rev. 2020); *see* Miss. Code Ann. § 97-1-1 (Rev. 2020). The disparity in these sentences is great and further weighs in favor of granting the lesser-included-offense instruction.

¶12. This Court, however, emphasizes its affirmance of the Court of Appeals finding that the evidence is sufficient to support the verdict. *Fluker*, 2024 WL 684830, at \*6. For all the reasons stated in its opinion, the Court of Appeals correctly found that "[a] reasonable juror could have found all elements present for conspiracy to commit an aggravated assault." *Id.* Nevertheless, a finding of sufficient evidence to sustain a guilty verdict "does not preclude a finding that the trial court's failure to give a lesser-included-offense instruction constituted reversible error." *Downs v. State*, 962 So. 2d 1255, 1260 (Miss. 2007) (citing *Mackbee v. State*, 575 So. 2d 16, 18 (Miss. 1990)).

¶13. Another argument set forth by Fluker in his petition for writ of certiorari relies on a statement in Presiding Judge Wilson's separate opinion—that the trial judge and Court of Appeals incorrectly assumed the shank was a deadly weapon. *Fluker*, 2024 WL 684830, at \*13 (Wilson, P.J., concurring in part and dissenting in part). Presiding Judge Wilson argued that it was the jury's responsibility to determine whether the conspiracy included the use of deadly weapons, and whether the shanks constituted deadly weapons. *Id.* (citing *Franklin v. State*, 136 So. 3d 1021, 1028 (Miss. 2014) ("This Court stands firm on the long-standing principle that it is the jury's responsibility to decide if an instrument constitutes a deadly weapon." (citing *Duckworth v. State*, 477 So. 2d 935 (Miss. 1985))). The State correctly points out that this argument was not raised by Fluker in the trial court and is only now raised

8

for the first time on certiorari review. We find that the issue was not properly raised and is therefore waived. ***Lovett v. Delta Reg'l Med. Ctr.***, 157 So. 3d 88, 89 (Miss. 2015) (citing ***Moreno v. State***, 79 So. 3d 508, 509 (Miss. 2012)).

## CONCLUSION

¶14. Fluker has shown that the evidence supported the grant of the lesser-included-offense instruction for conspiracy to commit simple assault. We find that the Court of Appeals erred by affirming the trial court's denial of that instruction. The testimony of Reid could support a reasonable jury's finding that Fluker and his co-conspirators agreed to commit the crime of simple assault, not aggravated assault. The judgments of the Court of Appeals and of the Forrest County Circuit Court are reversed. The case is remanded to the Forrest County Circuit Court for a new trial.

¶15. **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**